MAGGIE ABRAMS *et al.*

*v.*

JANE R. BEALE *et al.*

*Opinion filed December 22, 1906.*

1. DEEDS—*presumption as to delivery of deed of voluntary settlement.* The execution and recording of a voluntary settlement to a grantee who is a minor or under some disability raises a presumption of delivery, even though the grantor retains possession of the deed; but such a presumption may be rebutted by proof that the grantor did not intend the deed to take effect immediately.

2. SAME—*when deed is not delivered.* The execution and recording of a deed of voluntary settlement to an adult grantee, who was not aware the deed had been made, does not amount to a delivery of the deed, where the grantor retained the deed in his possession and subsequently conveyed the same property to another, who took possession thereof.

APPEAL from the Circuit Court of Coles county; the Hon. W. C. JOHNS, Judge, presiding.

H. A. NEAL, for appellants.

EDWARD C. & JAMES W. CRAIG, Jr., for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill in chancery filed on February 7, 1906, by the complainants, the heirs-at-law of Atlanta Gibbs, deceased, against Jane R. Beale and Charles E. Whipple, in the circuit court of Coles county, for the partition of the south-west quarter of the north-east quarter of section 27, township 14, north, range 8, Coles county, Illinois, and to remove as clouds upon their title a deed from James M. Beale and Jane R. Beale, his wife, to Edwin J. Beale, and a deed from Edwin J. Beale and wife to Jane R. Beale. The defendants answered the original bill, and Jane R. Beale filed a cross-bill asserting title to said premises in herself, and asked that a deed from James M. Beale to Atlanta Gibbs

be canceled as a cloud upon her title to said premises. The cross-bill was answered and replications were filed, and the case was heard in open court, and a decree was entered dismissing the original bill for want of equity and granting the relief prayed for in the cross-bill, from which decree the complainants have prosecuted an appeal to this court.

It appears from the pleadings and proofs that on January 14, 1895, James M. Beale was the owner of certain farm lands situated in Coles county. On that day he went to a justice of the peace residing near his home and had prepared a deed to the premises in question from him to Atlanta Gibbs, a niece residing in the State of Kentucky; also a deed to Edwin J. Beale and Florence Beale Doran, a son and daughter, to certain lands situated in the neighborhood of the lands described in the deed to Atlanta Gibbs; also a deed to Ida Beale, an unmarried daughter, to the west half of the southeast quarter of section 22, township 14, north, range 8, east, Coles county, Illinois. He signed and acknowledged all of the said deeds, and instructed the justice of the peace, with whom he left them, to have them recorded, and after they were recorded to hold them until he called for them. The deeds were filed for record by the justice of the peace, and after they were recorded they were returned to him and he delivered them to James M. Beale, who carried them to his home and delivered to Ida Beale the deed made to her and placed the other two deeds with his private papers in his house, where the deed to Atlanta Gibbs remained until after the death of James M. Beale, which occurred in the month of September, 1904. James M. Beale remained in possession of the land described in the deed to Atlanta Gibbs until August 15, 1900, when he and his wife, Jane R. Beale, conveyed said premises to their son, Edwin J. Beale, and on the same day Edwin J. Beale and wife conveyed the premises to Jane R. Beale, who took possession thereof and was in possession through her tenant, Charles E. Whipple, at the time the original bill was filed. Atlanta Gibbs died intestate March

224—32

6, 1896, leaving her surviving the complainants here as her sole and only heirs-at-law. The circuit court held, and so found in its decree, that the deed from James M. Beale to Atlanta Gibbs was not delivered to her, nor anyone for her, during her lifetime, and for that reason it was void. The question whether the deed from James M. Beale to Atlanta Gibbs was delivered so as to vest title in Atlanta Gibbs was a question of fact, and the trial court having held it was not delivered, this court will not reverse the decree upon that question unless it is manifest that the chancellor erred in entering such decree.

In *Spacy* v. *Ritter,* 214 Ill. 266, on page 268, it was said: "It was essential to the valid delivery of the deed that the grantor should have parted with control over the instrument, and with all right to recall it or to exercise power or dominion over it. (*Bryan* v. *Wash,* 2 Gilm. 557; *Stinson* v. *Anderson,* 96 Ill. 373; *Wilson* v. *Wilson,* 158 id. 567; *Provart* v. *Harris,* 150 id. 40; *Hawes* v. *Hawes,* 177 id. 409; 13 Cyc. 566.) The question is one of fact, only, and the finding of the chancellor thereon should not be disturbed unless a good reason for so doing is disclosed by the evidence."

In *McCormick* v. *Miller,* 102 Ill. 208, we said (p. 214): "The finding of the lower court ought never to be disturbed upon a mere question of fact, without some good reason for doing so is clearly apparent. If, upon a careful consideration of the whole of the testimony bearing on the question, the reviewing court has a well founded doubt as to how the question should have been determined, without any clear conviction the one way or the other, the finding of the court below should not be disturbed."

It is, however, urged that this deed was made as a voluntary settlement, and that the presumption arises from the grantor having executed and recorded the deed that it was delivered. This court has often said that where a deed is made and recorded by the grantor with the object of effecting a voluntary settlement by the grantor of his real estate

upon a person standing in a near family relation to him who is laboring under a disability, such as minority or mental incapacity, the presumption will obtain in favor of delivery, even though the deed may remain in the possession of the grantor and the grantee may not be aware that it had been executed and recorded. This presumption, however, the later cases hold, does not arise in favor of adult grantees who are not laboring under mental disabilities. (*Wilenou* v. *Handlon,* 207 Ill. 104; *Baker* v. *Hall,* 214 id. 364.) In the cases, however, where it is held that presumption obtains, it is also held such presumption may be rebutted, and if it appears from the entire case as made that the grantor did not intend that the deed should immediately take effect and that the title should vest in the grantee from the date of the execution and recording of the deed, the presumption is rebutted. In *Sullivan* v. *Eddy,* 154 Ill. 199, on page 208, it is said: "The only evidence of delivery shown by the record is the fact that the deed was executed, acknowledged and recorded. While some of the cases hold that these facts will raise a presumption of delivery, the presumption is never held to be conclusive, and the later decisions of this court are to the effect that in the case of an adult grantee they do not, of themselves, prove delivery." And in *Weber* v. *Christen,* 121 Ill. 91, on page 97, it was said: "We think, in the case of an adult grantee, the acknowledging and recording of the deed without his knowledge or consent does not, of itself, according to the weight of authority, amount to a delivery." And in *Brown* v. *Brown,* 167 Ill. 631, which was a suit between father and son to set aside a deed, on page 636, it was said: "It is true, the deed was placed upon record; but that fact, of itself, does not establish a delivery of the instrument. If a grantor, without the knowledge or assent of the grantee, place a deed on record, that will not constitute a delivery, for the reason the grantee has not assented to receive the deed, and it is well settled that it is essential to the legal operation of the deed that the grantee

assents to receive it. Without acceptance on behalf of the grantee there can be no delivery."

Atlanta Gibbs was an adult, and the record is devoid of proof that she knew, during her lifetime, that the deed had been executed and recorded. The only evidence from which a delivery can be inferred (as was said in *Sullivan* v. *Eddy, supra,*) is the fact that the deed was executed, acknowledged and recorded. We think it clear the evidence, when considered as a whole, shows that the deed was not delivered, and that the trial court properly dismissed the original bill and granted the prayer of the cross-bill.

As it appears the deed was not delivered, it is unnecessary to pass upon the question whether the deed was in proper form or not.

The decree of the circuit court will be affirmed.

*Decree affirmed.*