TRUITT *v.* CITY OF BATTLE CREEK.

1. DEEDS—EFFECT OF LIFE ESTATE IMMATERIAL—REHEARING.
    The determination of the question of the effect of the giving of a certain life estate, being unnecessary to a decision of the case, what was said in the former opinion thereon is withdrawn on rehearing.

2. SAME—GIFTS—NEED NOT BE ACCEPTED.
    Since no one can be compelled to accept, by gift, title to land, where one does not accept title attempted to be given him, but renounces it, he may buy the premises as any other stranger to the title may do.

3. SAME—PRESUMPTION OF ACCEPTANCE OF GIFT REBUTTABLE.
    The presumption that plaintiff accepted a gift deed of land may be rebutted by proof.

4. SAME—GIFT—ACCEPTANCE—EVIDENCE—SUFFICIENCY.
    Evidence *held*, conclusive that plaintiff did not accept a gift deed of land, but renounced it.

5. COSTS—ALLOWANCE BY TRIAL JUDGE—GUARDIAN AD LITEM.
    No costs will be allowed against appellant on affirmance, he being a guardian *ad litem* for unknown heirs appointed by the court below, and his compensation and expenses being determined by the trial judge.

Appeal from Calhoun; North (Walter H.), J. Submitted February 4, 1919. (Docket No. 74.) Decided April 3, 1919. Resubmitted October 7, 1919. Former opinion modified January 5, 1920.

Bill by Melbourne E. Truitt and another against the city of Battle Creek and Samuel A. Howes, guardian *ad litem*, to remove a cloud upon title to land. From a decree for plaintiffs, defendant Howes appeals. Affirmed.

*Bernard J. Onen,* for plaintiffs.

*Charles F. McKenzie,* for appellant.

FELLOWS, J.   The original opinion in this case will be found at page 180 of volume 205 of the Reports of this court.   A reference to that opinion will disclose the facts sufficiently except as it may be proper in the course of this opinion to refer to other facts necessary to a full understanding of the case as it will be disposed of on this rehearing.   We granted a rehearing on the application of plaintiffs based on the claim that we had reached a wrong conclusion as to the effect to be given to the life estate to Oliver Beauregard and wife, and the further claim that we had misapprehended the concession of plaintiffs' counsel and misconceived his claim as to the effect to be given the first deed from plaintiff's mother to him under the facts disclosed by this record.

The case was originally submitted on briefs, but upon rehearing it was fully argued and further exhaustive briefs have been filed.   Numerous authorities have been cited to us, all of which have been examined with care.   In view of the claim of misapprehension of plaintiff's contention and those of his counsel, we have again fully considered the record and the original briefs and will now proceed to state our conclusions.

The conclusion we have reached makes it unnecessary to determine the effect of the life estate given to Oliver Beauregard and wife Thersil.   The determination of that question being unnecessary, what was said in the original opinion on that subject may be considered withdrawn, and the case will be disposed of on another theory.

It is well understood that a life tenant may not cut off the remainder man and secure the fee by acquiring incumbrances he is legally obligated to pay; nor may he, to the exclusion of the remainder man who is willing to contribute, acquire incumbrances which it is necessary to acquire in order to prevent a forfeiture

of his estate. Counsel for plaintiffs conceded, and concedes, the correctness of these rules; but he insists that they do not apply to the instant case and that we misconceived the extent to which his concession went. It was alleged in the bill of complaint that the original deed to plaintiff from his mother was a "pretended" one, and it was also stated in the original brief that plaintiff claimed title under his deed from Mr. Onen and the later deed from his mother. It was also claimed that the original deed from her was void, a mere nullity. But the effect of this claim was not sufficiently followed up or sufficiently explained to make its significance apparent.

Manifestly no one can be compelled against his will, save only in the case of descent, to accept title to real estate, be that title good or bad; and where one does not accept title attempted to be given him but renounces it, he is not prohibited from buying the premises or incumbrances upon them, or from dealing with them as any other stranger to the title may do. Mr. Onen not only purchased the premises at the foreclosure sale but he also purchased the life estate of Mr. Beauregard who was then alive and who lived several years thereafter, paying him $800 therefor. The plaintiff did not purchase from Mr. Onen until something like a year after Mr. Onen's purchase. Mr. Onen was not acting as attorney or agent for plaintiffs; he sold for what he had in the premises and there is nothing to indicate that the consideration was not adequate. The purchase price was something over $3,100; he had agreed to let Mr. Truitt, who was his neighbor and friend, have the premises at what he had in them. Therefore, when plaintiff entered possession he did so, not by virtue of the original deed from his mother, but by virtue of his grandfather's life estate transferred to Mr. Onen and by Mr. Onen to him, and by virtue of the title acquired on foreclosure,

likewise transferred by Mr. Onen to him. He has occupied the premises for over nine years under this claim of title and has, and does, insist that the original deed from his mother was, and is, a nullity. After his grandfather's death he procured a quitclaim deed from his mother. We do not perceive that she had title to convey, but it is quite persuasive that he had not accepted the first deed, and is corroborative of the claim which he now makes. Upon this question, it is unimportant whether plaintiff's claim that the first deed is a nullity is, or is not, well founded; the important fact to be considered is that he claimed it was a nullity, renounced it and made no claim under it. But it may be said that he executed a mortgage to one Harbeck. This mortgage was to Harbeck as trustee for Louise L. Truitt, and others, and was apparently executed for her benefit rather than for plaintiff's. The execution of this mortgage is the only evidence on this record tending to show acceptance of the title conveyed under the first deed. Under the circumstances its probative force is materially minimized. There is a presumption that plaintiff did accept this deed, but it is a presumption that may be rebutted by proof. We feel justified upon this record in concluding that plaintiff did not accept the imperfect title his mother sought to convey to him by the first deed, and that he has claimed, and does claim, that when he purchased from Mr. Onen he was a stranger to the record and could deal with the premises as could any other stranger to the record. The law upon this branch of the case is fully discussed in the exhaustive opinion of Mr. Justice HOOKER in *Defreese* v. *Lake*, 109 Mich. 415 (32 L. R. A. 744, 63 Am. St. Rep. 584), and we need not repeat or attempt to duplicate such discussion here.

From what has been said, it follows that the decree of the court below will be affirmed. The appellant

is the guardian *ad litem* appointed by the court. No costs will be allowed against him. His compensation and expenses are matters to be determined by the trial judge.

MOORE, C. J., and STEERE, BROOKE, STONE, BIRD, and SHARPE, JJ., concurred.

Justice KUHN took no part in this decision.