## MEADE v. ROBINSON.

1. DEEDS—FRAUD NOT ESTABLISHED.

    In a suit by a granddaughter and her husband to quiet title to land sold to them by the grandmother, who had previously deeded it to her daughter subject to a life lease, but the latter was ignorant of the execution of the deed, although it was recorded, and plaintiffs did not look up the public records, the defense of fraud, *held*, not established by the record.[1]

2. SAME—ASSENT BY GRANTEE—ACCEPTANCE.

    A grantee cannot assent to a deed while ignorant of its existence.[2]

3. ESTOPPEL—NOTICE NECESSARY ELEMENT OF ESTOPPEL.

    A grantee having no actual notice of the existence of the deed to her, and not being chargeable with constructive notice by its being placed of record by the grantor, is not estopped from asserting title because she expressed approval of the sale of the land to others and because they made repairs and improvements thereon.[3]

4. DEEDS—MOTHER MAY MAKE GIFT BY DEED—CONSIDERATION.

    No consideration is necessary for a deed from a mother to her daughter, since the mother may make a gift by deed.[4]

5. SAME—DELIVERY AND ACCEPTANCE NECESSARY TO MAKE DEED EFFECTIVE.

    A deed executed in due form does not become effective until delivery and acceptance.[5]

6. SAME—STRANGER TO GRANTEE MAY NOT ASSENT TO DEED.

    One holding a deed, acting solely under the direction of the grantor to deliver at her death, is a stranger to the grantee, and may make no assent to the deed in behalf of the grantee.[6]

---

[1]Deeds, 18 C. J. § 554; [2]Id., 18 C. J. § 103; [3]Estoppel, 21 C. J. § 222; [4]Deeds, 18 C. J. §§ 42, 44; [5]Id., 18 C. J. §§ 94, 119; [6]Id., 18 C. J. § 120.

Effect of delivery of deed to grantee, subject to a future extrinsic condition, see note in 16 L. R. A. (N. S.) 941.

Delivery of deed to third person, or record by grantor, as a delivery to the grantee, see notes in 54 L. R. A. 865; 9 L. R. A. (N. S.) 224; 38 L. R. A. (N. S.) 941.

7. SAME—DELIVERY—HOW MADE.

Delivery of a deed may be to the grantee, or to one acting for the grantee, or to a stranger, to hold pending an event certain to happen, and then to be delivered to the grantee.[7]

8. SAME—"ESCROW" and "GRANTOR'S DEED PRESENTLY" DISTINGUISHED.

Where the future delivery of a deed is to depend upon the performance of some condition it is deemed an escrow, and where it is to await the lapse of time or the happening of some contingency, it is deemed the grantor's deed presently.[8]

9. SAME—WHEN "SECOND DELIVERY" TAKES EFFECT BY RELATION FROM FIRST DELIVERY.

Where deemed the grantor's deed presently, it will not take effect as a deed until the "second delivery," but when so made effective, it will take effect, by relation, from the first delivery, if not working injury to third persons.[9]

10. SAME—FICTION OF RELATION IS TO AID JUSTICE NOT TO WORK INEQUITY.

The fiction of relation exists to aid and not to fetter justice; it appeals to conscience when not employed in working inequity, but when its application will wrong third parties it is rejected as an imagination unworthy of judicial indulgence.[10]

11. SAME—EXECUTION AND RECORDING OF DEED TO ADULT GRANTEE UNAWARE OF ITS EXISTENCE NOT A DELIVERY.

The execution and recording of a deed to an adult grantee, who was not aware that it had been made, did not amount to a delivery where the grantor retained control of the deed and subsequently conveyed the same property to others, who took possession thereof.[11]

12. SAME—ADULT GRANTEE IN DEED MUST ACTUALLY ASSENT THERETO WHERE RIGHTS OF THIRD PARTIES INTERVENE.

Adult grantees, *sui juris*, must, to make deeds to them effective and determinative of intervening rights of third persons, actually assent thereto.[12]

13. SAME—ASSENT TO DEED MAY BE PRESUMED UNLESS GRANTEE IS UNAWARE OF ITS EXISTENCE.

Assent to a deed may be presumed if rejection is not

[7]Deeds, 18 C. J. §§ 99, 106; [8]Escrows, 21 C. J. § 6; [9]Id., 21 C. J. §§ 34, 36; [10]Id., 21 C. J. § 36; [11]Deeds, 18 C. J. §§ 111, 112; [12]Id., 18 C. J. § 119.

made, but assent may not be presumed during a period the grantee had no knowledge of its existence.[13]

14. SAME—GRANTEE UNAWARE OF EXISTENCE OF DEED MAY NOT ASSERT TITLE AGAINST GOOD FAITH PURCHASERS.

Where, before the existence of a deed became known to the grantee, the grantor sold to others, who were purchasers in good faith and for a valuable consideration, they are entitled to protection in a court of equity and the grantee in the former deed may not assert title as against them.[14]

Appeal from Newaygo; Barton (Joseph), J. Submitted January 20, 1926. (Docket No. 62.) Decided March 20, 1926.

Bill by Frederick S. Meade and another against Marcia J. Robinson and Lena P. Bailey to quiet title to land. Defendant Bailey filed a cross-bill to set aside a deed. From a decree for plaintiffs, defendant Bailey appeals. Affirmed.

*William J. Branstrom,* for plaintiffs.

*Penny & Worcester,* for appellant.

WIEST, J. Marcia J. Robinson, an old lady, owned a modest home in the village of Newaygo. January 8, 1913, she went to the real estate office of John Bailey, Sr., in that village, and had him prepare and she there executed a deed of the home to her daughter, Lena P. Bailey, reserving, however, at the insistence of the scrivener, a life lease, and she directed that the deed be recorded and kept secret until her death and then delivered by Mr. Bailey to the grantee. The deed was recorded three days after its execution. The grantee knew nothing about the making, recording and holding of the deed by Mr. Bailey until early in the summer of 1924.

[13]Deeds, 18 C. J. § 494; [14]Vendor and Purchaser, 39 Cyc. p. 1776.

Mrs. Robinson, unmindful of that deed, September 7, 1917, sold the home to Frederick Meade, husband of her granddaughter, Lottie H. Meade, on land contract, for the sum of $350. This price was probably less than the value of the property, but was agreeable to the parties, and it is evident the relationship figured in the deal. Mrs. Robinson delivered possession to the Meades and they made the place their home, made repairs and improvements, paid the taxes, and paid the full purchase price, and May 5, 1920, Mrs. Robinson executed and delivered to Frederick and Lottie H. Meade a warranty deed, under which they are now in possession.

After selling her home on contract, Mrs. Robinson, part of the time, made her home with her daughter, Lena Bailey, grantee in the deed she had executed in 1913, but never intimated to the daughter that there was such a deed. Lena Bailey lived in the village of Newaygo, knew her mother had sold to the Meades, was fully aware of at least some of the major repairs and improvements made by the Meades, was well pleased that the young couple were getting along so well and expressed her pleasure. Plaintiffs are young folks and all they have is invested in this home. Mrs. Bailey is Mrs. Meade's aunt, and daughter-in-law of John Bailey, Sr.

Early in the summer of 1924, plaintiffs wanted to sell their home and then, for the first, discovered the deed on record from Mrs. Robinson to Mrs. Bailey. Upon refusal of Mrs. Bailey to release the property, plaintiffs filed the bill herein to quiet their title. Mrs. Bailey appeared, asserted title under the deed to her and by cross-bill asked to have the deed to plaintiffs vacated. Mrs. Robinson also answered and set up the claim that, at the time she sold to plaintiffs, she had forgotten about her previous deed to her daughter, averred her old age and feebleness and asserted fraud

and overreaching in fixing the price paid. Mrs. Robinson died before the hearing. In the circuit, decree passed for plaintiffs. Defendant Bailey appealed.

We find no fraud on the part of plaintiffs in any of their dealings with Mrs. Robinson. We are persuaded that the Meades acted at all times in good faith, were wholly ignorant of the deed to Mrs. Bailey, and Mrs. Meade, in dealing with her grandmother, did not think of going to the public records to look up the title. Whether Mrs. Robinson forgot about the deed to her daughter, or felt it was not effective, is of little moment in the disposition of this case.

Defendant Bailey had no knowledge of the execution of the deed to her until long after the rights of plaintiffs had intervened. There was no delivery of that deed in fact until about the time this suit was commenced. While in utter ignorance of the existence of the deed, Mrs. Bailey, of course, could not assent to the deed.

There is no merit in plaintiffs' claim that, by her expressions of approval of their purchase and the repairs and improvements they made, Mrs. Bailey is estopped from asserting title under her deed. Mrs. Bailey was not chargeable with constructive notice, by the recording of the deed, and, as before stated, she had no actual notice of its existence, and, therefore, an essential basis for estoppel is missing.

The deed to Mrs. Bailey was wholly voluntary and without any previous agreement or understanding with her mother, and without consideration unless we go back many years, when the daughter lived at home, and find from such fact that she expected pay and the mother expected to pay her for services rendered. This, of course, we cannot do. The old services of the daughter may have been a moving cause for giving the deed. No consideration was necessary, for the

mother was at liberty to make a gift by deed to the daughter. The total want of knowledge by the grantee of the existence of the deed brings to bear an old and well established rule of law calling for affirmance of the decree.

A deed executed in due form does not become effective until delivery and *acceptance.* Mr. Bailey, in holding the deed, acted solely under the direction of the grantor, and was in this matter a stranger to the grantee, and could make no assent to the deed in behalf of the grantee.

Delivery of a deed may be to the grantee, or to one acting for the grantee, or to a stranger, to hold pending an event certain to happen, and then to be delivered to the grantee. In this jurisdiction, as stated in 21 C. J. p. 867, we

"make a distinction between cases where the future delivery is to depend upon the performance of some condition, and cases where it is to await the lapse of time or the happening of some contingency, holding that the former is an escrow, but that the latter will be deemed the grantor's deed presently."

See *Taft* v. *Taft,* 59 Mich. 185, 193 (60 Am. Rep. 291).

But, if deemed the grantor's deed presently, it will not take effect as a deed until the "second delivery;" but, when so made effective, it will take effect, by relation, from the first delivery, if not working injury to third persons. As stated by Mr. Justice STEERE in *Brown* v. *Keiser,* 182 Mich. 432, 440:

"As between grantor and grantee and those in privity with them, it may, by legal fiction, be held that the delivery to a third party for subsequent delivery to the grantee, who assents, operates as a full and complete delivery, but as is said in *Hibberd* v. *Smith,* 67 Cal. 547 (4 Pac. 473, 8 Pac. 46, 56 Am. Rep. 726):

" 'The assent can get back to the date of delivery to the stranger only by virtue of the doctrine of relation, which is

a fiction of law in which there is always equity, never working
an injury, and which is never permitted or applied so as to do
wrong to third persons.' "

This fiction of relation exists to aid and not to fetter
justice; it appeals to conscience when not employed
in working inequity; but when its application will
wrong third parties it is rejected as an imagination
unworthy of judicial indulgence.

The rule we apply to the case at bar is stated as
follows in 1 Devlin on Deeds (3d Ed.), § 276:

"When a grantee is ignorant of the execution of a
deed which has been delivered to a stranger for the
grantee's benefit, but when informed of the fact, ac-
cepts the conveyance, the deed becomes operative, and
where the rights of third persons have not intervened,
takes effect from the date of the first delivery.
* * * Yet, until the grantee is informed of the
execution of the deed and does some act equivalent to
an acceptance of it, it is manifest that he may refuse
to accept it, notwithstanding the fact that by a fiction
of law the presumption of an actual acceptance had
all the while existed for his benefit as against the
grantor, his heirs, devisees, and ordinary creditors.
But this fiction will not be allowed to prevail to the
prejudice of persons who have acquired title to, an
interest in, or a lien upon the property before the date
of the actual acceptance."

The registry of the deed does not help defendant.

In *Abrams* v. *Beale,* 224 Ill. 496 (79 N. E. 671), it
was held, quoting from the syllabus:

"The execution and recording of a deed of voluntary
settlement to an adult grantee, who was not aware
the deed had been made, does not amount to a delivery
of the deed, where the grantor retained the deed in
his possession and subsequently conveyed the same
property to another, who took possession thereof."

In that case the court quoted as follows from *Brown*
v. *Brown,* 167 Ill. 631 (47 N. E. 1046), which was a
suit between father and son to set aside a deed:

"It is true the deed was placed upon record; but

that fact, of itself, does not establish a delivery of the instrument. If a grantor, without the knowledge or assent of the grantee, place a deed on record, that will not constitute a delivery, for the reason the grantee has not assented to receive the deed, and it is well settled that it is essential to the legal operation of the deed that the grantee assents to receive it. Without acceptance on behalf of the grantee there can be no delivery."

See, also, to the same effect, except as to devises, the opinion of this court written by Mr. Justice FELLOWS in *Truitt* v. *City of Battle Creek,* 208 Mich. 618, 620.

Adult grantees, *sui juris,* must, to make deeds to them effective and determinative of intervening rights of third persons, actually assent thereto. Assent may be presumed if rejection is not made, but assent cannot be presumed during a period the grantee had no knowledge of the existence of the deed. It was early held in *Harrison* v. *Trustees of Phillips Academy,* 12 Mass. 456, 461:

"For no man can make another his grantee without his consent; and a deed made to a man with all requisite formalities, and even entered in the public registry, would be null, if not afterwards accepted by the grantee. But if the grantee afterwards assent to the conveyance, it will be good to pass the title to him; unless some other circumstances shall be shown to render it invalid."

In *Younge* v. *Guilbeau,* 3 Wall. (U. S.) 636, it was held, quoting from the syllabus:

"But where the grantee had no knowledge of the existence of the deed, and the property which it purported to convey always remained in the possession and under the control of the grantor, and where, therefore, any registry was of course without either his assent or knowledge, the presumption of a delivery from the fact of registry is repelled."

In *Maynard* v. *Maynard,* 10 Mass. 456, 458 (6 Am. Dec. 146) it was held:

"The act of registering a deed does not amount to a delivery of it; there not appearing any assent on the part of the son, or even any knowledge that the deed had been executed in his favor."

In *Parmelee* v. *Simpson*, 5 Wall. (U. S.) 81, it was held, quoting from the syllabus:

"The placing of a deed to a party on record, such party being wholly ignorant of the existence of the deed, and not having authorized or given his assent to the record, does not constitute such a delivery as will give the grantee precedence of a mortgage executed between such a placing of the deed on record and a formal subsequent delivery."

And it was also held:

"As a general thing a ratification of a grantor's unauthorized delivery can be made by the grantee; but not when the effect would be to cut out an intervening mortgage for value."

It will be noticed that the mortgagee, in that case, had constructive notice of the deed, but, notwithstanding, his rights were saved by want of delivery of the deed and assent of the grantee. See, also, *Gillen* v. *Gillen*, 238 Ill. 218 (87 N. E. 388). The rights of plaintiffs, under their deed, are founded on good faith and a valuable consideration, and were fixed before delivery of the deed to Mrs. Bailey and assent thereto by her.

We hold that, before the deed to Mrs. Bailey became effective by delivery and acceptance, the rights of plaintiffs intervened, and they are entitled to protection, and in good conscience Mrs. Bailey may not assert title contrary thereto. Plaintiffs' title is quieted against the deed to Mrs. Bailey.

The decree in the circuit is affirmed, with costs to plaintiffs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, CLARK, and McDONALD, JJ., concurred. SNOW, J., did not sit.