PETERSON *v.* CLEARY.

1. NEGLIGENCE—FIRES—FAILURE TO USE SPARK ARRESTER—INFERENCES—QUESTION FOR JURY.
   In action for negligently setting fire to plaintiff's farm home by sparks from engine of defendant's steam road roller, where it was conceded that engine had no spark arrester, testimony *held,* sufficient to warrant inference that sparks from said engine caused said fire, presenting question of fact for jury.

2. APPEAL AND ERROR—PARTIES—QUESTION NOT RAISED ON TRIAL NOT CONSIDERED ON APPEAL.
   In action for damages from negligent fire, objection that plaintiff had no right to bring action solely in her name, and that insurance company was also party in interest, not having been raised during trial, is not considered on appeal.

On use of, or failure to use, spark arrester, as affecting liability for fire set by sparks from operation of industrial plant, see annotation in 25 A. L. R. 994.

3. NEGLIGENCE—FIRES—COMMON LAW—FAILURE TO USE SPARK AR-
RESTER.

Failure to have spark arrester on engine, so as to prevent sparks
from engine causing fire to neighboring property, is negligence
under common law.

4. APPEAL AND ERROR—TRIAL—INSTRUCTIONS—CURING ERROR.

If it was error, in action for damages from negligent fire, to
instruct jury that statute making it misdemeanor for owner
of portable steam engine to use it without having it equipped
with efficient spark arrester (2 Comp. Laws 1929, § 5786) is
applicable to instant case, said error was cured by further
statement that it was also necessary to show that failure to
have spark arrester was proximate cause of injuries com-
plained of.

5. SAME—DECLARATION—AMENDMENT.

Declaration charging failure to have spark arrester on portable
steam engine, stating common-law cause of action, which was
later amended to allege breach of statutory duty (2 Comp.
Laws 1929, § 5786), may be considered amended, on appeal,
so as to eliminate reference to statute.

Appeal from Berrien; White (Charles E.), J.
Submitted March 15, 1932. (Docket No. 226, Cal-
endar No. 35,507.) Decided April 4, 1932.

Case by Jennie Peterson against William Cleary
for destruction of house and contents alleged to be
due to defendant's negligence in operation of steam
roller. Verdict and judgment for plaintiff. De-
fendant appeals. Affirmed.

*John J. Sterling* and *W. M. Cunningham,* for
plaintiff.

*Rolland E. Barr,* for defendant.

BUTZEL, J. Jennie Peterson, plaintiff, brought
suit against William Cleary, defendant, for causing
the destruction of her farm house and part of its

contents by fire through his negligence. She owned the farm on which the house was situated. It stood about 45 feet south of the center line of the Bundy Line road, Hagar township, Berrien county. On the morning of June 5, 1929, plaintiff went to work on a strawberry patch about 100 feet from the house. She left no fire burning in the house. The kitchen stove had not been in use for several days, the meals having been prepared on a kerosene stove. The house was not wired for electricity. No one had been in the house for several hours prior to the time when the fire started. There had not been any rain for many weeks. The house was built in 1900 on a stone foundation without a cellar. The dimensions of the ground floor were 20 x 30 feet. The second story, 7 feet high in the center, sloped towards the sides. With the exception of the roof, which had never been reshingled, the house had been kept in good condition. Towards 11 a. m. on the morning of the fire, a small space of the roof appeared to be on fire. The entire house was shortly thereafter in flames, and the furniture and household goods on the second floor and the house itself were totally destroyed. Plaintiff's husband was dead, but during his lifetime he had taken out a policy of $600 on the house and $400 on the household goods. In the application for insurance, he described the house as of the value of $900. Upon payment by the insurance company of $600 for the loss of the house and $347.17 for the contents destroyed, plaintiff assigned her claim against the defendant to the insurance company, who in turn reassigned it to plaintiff for one dollar prior to the commencement of the instant suit. The purpose of the reassignment was to vest the entire claim against defendant in plaintiff, so that she could

bring suit in her own name and collect the amount due from defendant in one action. The insurance company asserted no claim against defendant.

Plaintiff claims that the fire was caused by sparks that escaped from the stack of a steam roller owned by defendant and being used in paving the road in front of plaintiff's house. At the time the fire broke out, the roller was not far from the house. Coal, not wood, was used as fuel. One of the few facts on which the testimony is not in conflict is that there was no spark arrester on the smokestack of the roller. It was also claimed that, at the time of the fire, there was a wind blowing in the direction of the house and of sufficient strength so as to carry the sparks from the stack of the roller to the roof of the house and set it on fire. No one saw sparks leave the stack of the roller and alight on the roof of the house. There is, however, sufficient testimony to warrant the inference that sparks from the roller caused the fire. This, at least, was a question of fact for the jury to determine. The value of the property destroyed is also in dispute. The questions were submitted to the jury under a proper charge. Defendant appeals from a verdict of $1,900 in plaintiff's favor.

It is claimed that plaintiff had not the right to bring suit solely in her name, and that the insurance company was also a party in interest. This objection was not made during the trial of the case and we shall not now consider it. There was sufficient testimony to support the verdict of the jury both as to liability and amount. The judge's charge was correct, except in one particular. A statement of the questions involved is not given in the briefs of either party. We shall, however, discuss the only question

that seems to be important. The judge charged the jury as follows:

"Now, members of the jury, counsel have disagreed somewhat about what the law is in respect to operating a steam engine of this kind along a public highway. I don't blame them very much because the court is somewhat confused himself about the law. We have a statute in this State passed, as I remember it, in 1913, which specifically provides that anyone operating a threshing engine or any portable steam engine along a public highway burning wood must have a spark arrester upon the engine, but under the statute if the engine is burning coal it is not required that a spark arrester be upon the engine. Our legislature in the year 1923 passed another act, and for the purpose of this case the court is not sure whether or not this act applies. This section that I am calling your attention to is section 11 of Act No. 143, Pub. Acts 1923 (2 Comp. Laws 1929, § 5786). This statute provides that it shall be the duty of any and every owner of a threshing or other portable steam engine to have an efficient spark arrester on their engine at all times when in use. The court holds that that statute applies to this case, and that it was the duty of this defendant under that statute when operating his engine upon that highway upon that day to have the engine equipped with a spark arrester; it appearing to be conceded that engine was not so equipped, the court holds that such failure on the part of the defendant to have his engine so equipped was negligence in and of itself. However, before the plaintiff can recover in this case she must not only show the defendant was guilty of a negligent act, namely operating this engine that day without a spark arrester, but the plaintiff must also show by a preponderance of evidence that such negligent act on the part of the defendant was the proximate

cause of the injuries complained of; in other words, the plaintiff must show by a preponderance of evidence that because the defendant failed to have that spark arrester on the engine that was the direct cause of the sparks being thrown from that engine and carried over onto this house.''

There is some question whether section 11 of Act No. 143, Pub. Acts 1923, is applicable to the present case. This section (also known as 2 Comp. Laws 1929, § 5786) provides that each and every owner of threshing or other portable steam engines must have spark arresters affixed to his engines at all times, and all persons violating the provision shall be deemed guilty of misdemeanor and on conviction thereof shall be punished by a fine of not less than $10 or more than $50. This section appears in the act, which is entitled:

''An act to provide for the preservation of the forests of this State and for the prevention and suppression of forest and prairie fires, and to create the office of chief fire warden.''

The various other provisions of the 15 sections of the act refer almost exclusively to forest fires in accordance with the title to the act. It is claimed that the provisions do not apply to the case at bar, as the title in no way gives notice of the contents of the particular section in question, as far as it may be applicable to farm lands far remote from forest or prairie. We need not pass upon this claim, for even if there is any merit to it, we believe that the error was cured by the further statement of the trial judge that it was necessary for plaintiff to show by a preponderance of evidence that the failure to have a spark arrester on the engine was the proximate

cause of the injuries complained of, and that the direct cause of the fire was through sparks being thrown from the engine and carried over onto the house. The negligence charged in the declaration as originally filed was the failure to have a spark arrester. It is not sought in the present case to impose a fine under the statute. The failure to have an arrester (so as to prevent sparks from the engine causing fire to neighboring property) is negligence under the common law. *Cheboygan Lumber Co.* v. *Delta Transportation Co.,* 100 Mich. 16, 23; *McFarland* v. *Sayen,* 156 Mich. 426. Even if the charge that the statute applies was error, we do not believe that it was prejudicial, under the circumstances. The declaration was amended after the closing of the proofs so as to allege a breach of duty under the statute in question. The original declaration made no such reference to the statute, and the declaration may be considered as amended so as to eliminate such reference.

The judgment is affirmed, with costs to plaintiff.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.