ANGEL v. WALIGORA.

1. APPEAL AND ERROR—QUESTIONS REVIEWABLE—JURISDICTION—EQUITY.

An appeal in an equity case is heard *de novo* and question relative to jurisdiction of trial court to entertain bill by special administratrix of a decedent's estate to set aside deeds by decedent may be presented even though not raised in the court below.

2. EXECUTORS AND ADMINISTRATORS—SPECIAL ADMINISTRATRIX—PARTIES.

Upon the death of a grantor, his estate vests in his heirs at law, subject to the rights of creditors, if any, and expense of administration; hence a special administratrix may not file bill

to set aside deed on ground that grantor was not mentally competent to execute the deed.

3. APPEAL AND ERROR—JOINDER OF PARTIES.

   Heirs at law of grantor whose deed special administratrix sought to have set aside on ground of lack of competency to execute it may not be joined as parties plaintiff on appeal where they express no such desire, but decree dismissing bill is ordered without prejudice to the rights, if any, of such heirs.

   BOYLES and NORTH, JJ., dissenting.

Appeal from Wayne; Callender (Sherman D.), J. Submitted October 11, 1940. (Docket No. 53, Calendar No. 41,243.) Decided January 6, 1941.

Bill by Anna Angel, special administratrix of the estate of Joseph Nikrandt (Nikrant), deceased, against Andrew Waligora and Mary Waligora, his wife, to set aside a deed executed by deceased. From a decree for plaintiff, defendants appeal. Reversed and bill dismissed.

*Art Willard* and *Louis R. Harrington,* for plaintiff.

*William Kaufman (Samuel H. Rubin* and *Melba Rubin,* of counsel), for defendants.

WIEST, J.   March 14, 1936, Joseph Nikrandt executed a deed of certain premises to his son-in-law and daughter, defendants herein. Mr. Nikrandt died intestate August 21, 1937, leaving three daughters and several grandchildren of a deceased daughter and son as his heirs at law. September 15, 1938, his daughter, Anna Angel, was appointed special administratrix of his estate and as such filed the bill herein to set aside the deed to defendants and, upon hearing, the deed was set aside on a finding that

the grantor was mentally incompetent to execute the deed.

Upon appeal defendants contend the special administratrix could not file such a bill and, therefore, the court had no jurisdiction to render the decree.

This point was not raised in the court below and plaintiff claims cannot be raised for the first time on appeal, citing *Peterson* v. *Cleary,* 257 Mich. 640. That case was an action at law and the review limited to points presented at the trial. The instant case is in equity and upon appeal is heard *de novo* and defendants may now present the question relative to jurisdiction.

Upon the death of Mr. Nikrandt his estate vested in his heirs at law, subject to rights of creditors, if any, and expense of administration, and the special administratrix could not file the bill herein. We so held in *Windoes* v. *Colwell,* 247 Mich. 372.

The brief for plaintiff alleges the names of the heirs at law and asks, if we find as above stated, for leave to join proper parties as plaintiffs.

We have no application by heirs at law to join as parties plaintiff and cannot permit them to be so joined by plaintiff without they express such a desire.

Upon the record before us the decree is reversed and the bill dismissed, with costs to defendants, but without prejudice to rights, if any, of heirs at law of the deceased.

Sharpe, C. J., and Bushnell, Chandler, McAllister, and Butzel, JJ., concurred with Wiest, J.

Boyles, J. (*dissenting in part*). I do not concur in dismissing the bill on technical grounds. The case should be finally disposed of on the record before us. It is true that in *Windoes* v. *Colwell,* 247

Mich. 372, we held that where no claims had been proved against the estate a bill in equity could not be maintained by a special administrator to reach real estate voluntarily conveyed. However, in that opinion, Mr. Justice POTTER, writing for the court, said:

"Every action must be prosecuted by the real party in interest. 3 Comp. Laws 1915, § 12353. No action in equity shall be defeated by the nonjoinder or misjoinder of parties, but new parties may be added and parties misjoined may be dropped by order of the court at any stage of the cause as the ends of justice may require. 3 Comp. Laws 1915, § 12364. This case having been tried will be disposed of, and this court will direct joining the proper parties. *Gillen* v. *Wakefield State Bank,* 246 Mich. 158."

That case was then considered and decided on its merits.

In the instant case, the question that a bill in equity cannot be maintained by a special administrator was not raised in the court below. Not having been raised below, it should not be considered on appeal. *Peterson* v. *Cleary,* 257 Mich. 640. Counsel for appellant concede that this court may direct the joinder of proper parties but claim they do not know who all of the heirs are. They are set up, and not denied, in appellee's brief wherein counsel pray for leave to have a joinder of proper parties plaintiff in this court. Plaintiff herself is one of the heirs. Our decree should direct that the proper parties be joined herein.

The trial court erred in entering a decree vacating the deed. To support plaintiff's claim, she testified in substance that her father (Joseph Nikrandt) was sick for two years before he died, was paralyzed and had a stroke; that they didn't understand a word he

said; that he didn't talk, just babbled; that he couldn't hold a rational conversation. Her sister Martha, likewise interested in setting aside the deed, gave similar testimony. The doctor, who was sworn for the plaintiff, testified that he could not carry on an intelligent conversation with the deceased, but admitted that it was because the deceased talked the Polish language, which witness did not understand. He refused to testify, after repeated questioning, that the deceased could not utter words.

"Q. But you couldn't testify directly as to his mental condition?

"A. No, I wouldn't want to testify as to his mental condition.

"Q. But you are positive, even after the time of the first stroke, in between the first and the second, he did carry on conversations with the family?

"A. There seemed to be difficulty.

"Q. He was uttering words?

"A. Yes."

That was the essential extent of plaintiff's proofs.

For the defendants, the scrivener who prepared the deed testified that the deceased answered all his questions, told him that he wanted the defendants to have the property; that he asked the deceased if he wanted to dispose of his property, who he wanted to give it to, and that the deceased said in Polish that he wanted his son-in-law and daughter (defendants) to get it. Defendant Andrew Waligora in his own behalf testified that his father-in-law lived with them off and on up to his dying day; that Nikrandt was able to talk and hold a conversation; that he carried on a conversation with Nikrandt up to the day previous to the latter's death; that Nikrandt spent about half the time with the defendants. The defendant Mary Waligora testified that her father was able to talk and she was able to talk with him

right up to the time that he died. A tenant who paid rent to Nikrandt testified that he visited with him frequently, talked his own language, and that Nikrandt always gave rational answers and that his mind was not affected. Other witnesses testified along similar lines.

The record is devoid of any satisfactory proof that the deed was obtained by fraud, misrepresentation or forgery. The plaintiff did not sustain the burden of proof as to the mental incompetency of the deceased to execute the deed. There was some disputed testimony that the deceased told the grantees they were to give some sum of money to other heirs. The question is raised whether actual and adequate consideration is necessary to support a conveyance from a father to his daughter and son-in-law. It is not. *Warren* v. *Tobey,* 32 Mich. 45; *Meade* v. *Robinson,* 234 Mich. 322.

The record shows that Anna Angel, plaintiff herein, is one of the heirs at law. An order should be entered directing that the other heirs at law be joined herein as plaintiffs. 3 Comp. Laws 1929, § 14021 (Stat. Ann. § 27.665). The order should provide that if any heir at law refuses to join as plaintiff, he should for such reason be made a defendant. 3 Comp. Laws 1929, § 14018 (Stat. Ann. § 27.662). The clerk should give notice to such added parties. Upon joining such parties, and unless cause to the contrary is shown therefor within 30 days from such notice, a decree should be entered herein setting aside the decree of the court below and dismissing the bill of complaint, with costs.

NORTH, J., concurred with BOYLES, J.