The only test is whether the person looked at a time when such looking was seasonable and proper.

In this case the jury has affirmatively found, by answer to special interrogatories, that the defendants' driver was negligent; that he did not use proper care in approaching the intersection; that he was not operating his motor vehicle in a lawful manner but was operating at an excessive speed; and that the plaintiff was not negligent in any respect which contributed in the slightest degree to the cause of the collision. The physical facts, as they appear, and the conduct of the parties, as found in the record, are not such as support a determination that the plaintiff was chargeable with contributory negligence as a matter of law. The judgment should be affirmed.

MILLER, ADMR., APPELLANT, v. BIGELOW ET AL., APPELLEES.

(Decided February 17, 1941.)

Mr. *Amos L. Conn* and Mr. *Herbert F. Jenne,* for appellant.

Messrs. *Bowman, Hanna & Middleton,* Messrs. *Hoke & Wright* and Mr. *Emmitt V. Spitler,* for appellees.

LLOYD, J.   On June 12, 1940, Paul E. Miller, as administrator of the estate of Adelia Perry, who died on April 26, 1940, filed a petition in the Court of Common Pleas against Harold L. Bigelow and Laura A. Bigelow, his wife, and The Phœnix Mutual Life Insurance Company. The only allegation as to the insurance company is that it claims to have some interest in the real estate described in the amended petition which it should be required to disclose by answer thereto.

A demurrer to this petition being filed and sustained, an amended petition was filed on August 14, 1940. A demurrer filed to this pleading was also sustained, followed by an entry of dismissal. From this judgment the administrator appeals on questions of law.

The substance of the amended petition is that Laura A. Bigelow and other named persons are heirs at law of Adelia Perry; "that the personal estate of said decedent amounts to approximately five hundred dollars ($500) and is wholly insufficient to pay the debts against said estate; that the expenses for medical and hospital attention and care and for the funeral and burial, outstanding against said estate, amount to approximately seven hundred dollars ($700); that the cost of administration will exceed two hundred dollars ($200), and said debts and costs of administration are substantially in excess of the value of the personal estate of decedent"; that a warranty deed of Mrs.

Perry executed on August 29, 1939, conveying her real estate to the Bigelows, was without any consideration whatever; and that at and prior to the execution of the deed Mrs. Perry ''was of weak understanding, poor memory and without mental capacity to appreciate and understand the nature of said transaction, and was incapable of exercising deliberate judgment thereon * * * whereby she became subject to undue influence exercised by said grantees * * * that said purported conveyance was not a free and voluntary act but was accomplished by undue influence and the inequitable abuse of the confidential relationship of the parties to said purported conveyance.''

The prayer of the amended petition is that the deed be set aside, the real estate ordered sold and the proceeds of the sale, after payment of the debts against the estate of the decedent, be paid and distributed to her heirs at law.

None of the heirs of Mrs. Perry, except Mrs. Bigelow, is a necessary party to the determination of the alleged invalidity of the deed. That issue concerns only the administrator and the Bigelows. If the amended petition of the administrator alleges a cause of action, its primary object is to set aside the conveyance of the administrator's intestate for the alleged fraud practiced upon her, the administrator's claim being that the real estate so conveyed is necessary to pay the expenses of administration of the decedent's estate, and that her personal property is insufficient for that purpose. The claim is not that the decedent conveyed the real estate to defraud creditors, but that she was induced by undue influence to make the conveyance and that it is necessary to subject the real estate so conveyed to the payment of the expenses incident to the administation of the estate. Only when the personal property of a decedent is insufficient to pay expenses, costs of administration and debts of

an estate, if there are debts, may an action like the instant one be maintained.

Section 10509-85, General Code, providing that "so far as he is able, the executor or administrator shall collect the assets of the estate within nine months after the date of his appointment" is legal warrant for the commencement by the administrator of the instant action. If the allegations of the amended petition are true, that undue influence induced the conveyance by Mrs. Perry to the Bigelows, without any consideration therefor, of real estate needed, because of insufficiency of personal property, to pay debts of her estate incurred in its administration, then the conveyed real estate became assets of the estate for that purpose and it became the duty of the administrator to acquire and subject it thereto. *Neelen, Admr.,* v. *Holzhauer,* 193 Wis., 196, 214 N. W., 497, 53 A. L. R. 359; *Reed, Admr.,* v. *Brown,* 215 Ind., 417, 19 N. E. (2d), 1015; *Ragsdale* v. *Prather* (Tex. Civ. App.), 132 S. W. (2d), 625.

The amended petition stating a cause of action, the judgment of the Court of Common Pleas is reversed and the cause remanded thereto with directions to overrule the demurrer and for further proceedings according to law.

*Judgment reversed and cause remanded.*

OVERMYER and CARPENTER, JJ., concur.