The question raised by the defendant's demurrer *Page 73 
to the complaint is whether real estate, allegedly conveyed by the plaintiff's decedent while he was mentally incompetent, and as a result of fraud practiced by the defendant, may be recovered in an action by the plaintiff administrator, in the absence of an allegation that the property is required for the payment of debts.
The real estate of an intestate decedent vests at once, at death, in his heirs. An administrator has no title to it, although he may bring it within the scope of his administration if a proper administration of the estate requires it. Bowen vs.Morgillo, 127 Conn. 161, 168. The title of the heirs is subject only to such rights as might arise out of a need to satisfy debts and expenses of administration. Perkins vs. August,109 Conn. 452, 456. A right to have a deed, procured by fraud from a decedent, set aside, is a right which survives, and on the decedent's death passes to his heirs. 9 Am. Jur. Cancellationof Instruments § 10, p. 357.
Whether the personal representative of a decedent may maintain an action like the instant one in the absence of a showing that the property is required for a proper administration of the estate is a question as to which the authorities are not in accord. In considering the divergent holdings, it should be noted that the common-law rule governing the devolution of the title to real estate, as it obtains in our own State, has been almost entirely abrogated in a number of jurisdictions. See 2 Woerner, American Law of Administration
(3d ed. 1923) § 337, p. 1118. In jurisdictions which adhere more closely to the common-law rule, the right of the personal representative to maintain the action, without a showing that the property is needed for the payment of debts, is denied.Reed vs. Brown, 215 Ind. 417, 19 N.E.2d 1015; Neelenvs. Holzhauer, 193 Wis. 196, 214 N.W. 497; Angel vs. Waligora,296 Mich. 142, 295 N.W. 592; Miller vs. Bigelow,67 Ohio App. 371, 36 N.E.2d 860; 9 Am. Jur. Cancellation ofInstruments § 10, p. 357; 21 Am. Jur. Executors and Administrators
§ 1013, p. 944; 12 C.J.S. Cancellation of Instruments
1030. An examination of decisions in which the right to maintain the action, without such a showing, is recognized, discloses either an enabling statute or that the jurisdiction is one which does not adhere to the common-law rule.
The effect upon this question of section 4956 of the General Statutes, revision of 1930, under which an executor or administrator *Page 74 
is entitled to the possession, care and control of a decedent's real estate during the administration of the estate, does not appear to have been directly passed upon by our Supreme Court. In Bowen vs. Morgillo, supra, p. 168, it was held unnecessary to determine the question since there the heirs of the decedent joined with the administrator as parties plaintiff. In Munger vs. Doolan, 75 Conn. 656, 662, where the statute was also referred to, the administrator was held entitled to maintain the action, but it was noted that a claim of some kind existed against the estate and that there was no other source, except the real estate in question, from which claims or expenses could be paid.
With respect to the power of the personal representative over real estate under such statutes, in jurisdictions like our own, Woerner, supra, p. 1123, says that it is "a mere statutory power, given only for the benefit of creditors, and properly to be exercised only when the exigencies of the estate require; hence it is said that, where there are no debts or legacies to be paid, or where it appears that the personalty is sufficient for that purpose, there is no valid reason why the executor or administrator should have the possession of the real estate...." These views find support in the decisions of our Supreme Court. In State ex rel Moriarty vs. Donahue,82 Conn. 308, 313, it is observed that real estate forms no part of the estate the administrator is appointed to administer. InHall vs. Meriden Trust Safe Deposit Co., 103 Conn. 226,234, it is said that the executor's right of possession is in derogation of the common-law title of the heirs, and exists only that the funds derived from the property may be used to pay charges upon the estate. In Remington vs. American BibleSociety, 44 Conn. 512, 517, it was held that possession and control of administrators under the statute is for the benefit of the persons entitled to the real estate, and rents collected, if not needed for payment of debts, go with the real estate to the heirs.
In the light of the foregoing, it is concluded that the plaintiff administrator is entitled to recover the real estate involved only if the same is required for the payment of creditors or for some other purpose incident to a proper administration of the estate, and that the complaint is insufficient in the absence of an allegation that the property is so required.
It may be pertinent to note that in Haussman vs. Burnham, *Page 75 59 Conn. 117, 139, which was an action instituted by the decedent during his lifetime and involved title to real estate, the court observed that after the decedent's death his heirs were the only parties properly entitled to relief, and that the administrator was not entitled to relief, or to a judgment for the benefit of the heirs; also that where, as in Finnegan vs.LaFontaine, 122 Conn. 561, 568, the administrator seeks to recover assets conveyed by the decedent in fraud of creditors, a finding that the property is needed to pay claims against the estate is required to warrant a recovery of the property.
 The demurrer is sustained on the grounds assigned therein in par. 1(b)(c).