## ELLA BURK v. EMILY A. SPROAT.

*Deed—Delivery—Intent.*

1. The question of the delivery of a deed to take effect presently is one of intent, to be established by the proofs.
2. The proofs in this case are held to show that the grantor never intended to place her deed to the complainant beyond recall, and that she did recall and destroy it before conveying the land to the defendant.

Appeal from Kent. (Grove, J.) Argued June 8 and 9, 1893. Decided July 25, 1893.

Bill to quiet title. Complainant appeals. Decree affirmed. The facts are stated in the opinion.

*Maher & Salsbury,* for complainant.

*Arthur C. Denison* and *Loyal E. Knappen,* for defendant.

LONG, J. This bill is filed to establish the complainant's title to a certain piece of land in Kent county, and to procure the cancellation of a deed which she claims clouds her title.

It appears that the land formerly belonged to R. G. Chaffee, the husband of Mary A. Chaffee, and was by him conveyed, with other lands, to his wife, a short time before his death, in 1886. The 40 acres in question constituted the Chaffee homestead, and on May 8, 1888, Mrs. Chaffee executed a deed of the same to the complainant. On the same day she also made a will, by which she disposed of all the other of her real estate and personal property. In the seventh clause of the will she states:

"I give, bequeath, and devise all the rest of my real and personal estate to Ella Burk, to whom I am under many obligations."

These papers—the deed and will—were prepared by a neighbor of Mrs. Chaffee, and after their execution, it is claimed, she stated she would submit them to the judge of probate, and, if they were all right, she would deliver them to Lucius C. Burt, to be held by him until her death, when he was to deliver the deed to the complainant, and the will to the defendant, who was named by the will as executrix. The complainant and defendant are nieces of Mrs. Chaffee, and at the time of the execution of the deed and will the complainant was living with her. A short time after these papers were executed Mrs. Chaffee took them to the probate office, and showed them to the probate register, and was advised that they were all right in form. In the early part of September, 1888, Mrs. Chaffee, who was then about 60 years of age, was stricken with paralysis. Soon after this she sent for Mr. Burt, who resided about a mile from her, and delivered the papers—the deed and will—to him, saying, as it is claimed, that he knew what to do with them. A few weeks after the papers were handed to Mr. Burt, it was arranged that the complainant should visit her mother in Kansas, and that during that time Mrs. Chaffee should stay with the defendant and her husband at Grand Rapids. She went there on Saturday, October 13. Two days before going to live with the defendant she took the deed from Mr. Burt, and two or three days later destroyed it. After she had gone to live with the defendant, she made and delivered a deed of the land to her. Mrs. Chaffee lived about two and a half years after this deed was made. She died in March, 1891. The defendant's deed was placed on record soon after Mrs. Chaffee died. Defendant and her husband are in possession of the premises in controversy, claiming under the deed from Mrs. Chaffee.

It is contended by the complainant:

1. That the deed to her from Mrs. Chaffee conveys the

absolute title, and that the delivery to Mr. Burt was intended to be a delivery to her, to take effect after the death of the grantor, who had no right to recall it.

2. That, though there was no absolute delivery of the deed, and Mrs. Chaffee had the power to recall and destroy it, yet the complainant took title under the will, which has since been probated, and is therefore in a position to contest the title claimed by the defendant under her deed, and does contest it on the ground that Mrs. Chaffee, at the time of its execution, was mentally incompetent to make a deed, and was unduly influenced to make it.

Defendant contends:

1. That the bill is multifarious.
2. That the complainant's remedy is at law.
3. That there was no delivery of the deed to complainant.
4. That Mrs. Chaffee was mentally competent to make a deed to defendant, and was not unduly influenced to make it.

The court below found from the evidence that the deed made by Mrs. Chaffee to complainant was never delivered to her, but was intended by Mrs. Chaffee as a testamentary disposition, and was subsequently revoked; and that the deed to the defendant from Mrs. Chaffee was made and delivered to defendant, and was free from fraud or undue influence, and that Mrs. Chaffee was mentally competent to make it. The court thereupon dismissed the bill, with costs.

We need not discuss the points raised by the defendant's counsel that the bill is multifarious, or that complainant has a remedy at law. It is apparent from the evidence in the case that the deed to complainant was never delivered to her to take effect as a deed, nor ever placed by Mrs. Chaffee in the hands of Mr. Burt for delivery, so that she had no right to revoke it at any time before her death; and the evidence falls short of proving that Mrs. Chaffee was mentally incompetent to make the deed to the defendant, or that any fraud or undue influence was practiced

upon her by the defendant, or any one on her behalf, which caused her to make it. The question of the delivery of the deed to complainant to take effect presently is one of intent. After Mrs. Chaffee had recalled it, she stated that it was never delivered. Mr. Burt, when called upon by Mrs. Chaffee to give it back to her, did so at once, and without question. He therefore never made any claim to its possession until Mrs. Chaffee died. It is evident from the whole transaction that Mrs. Chaffee and Mr. Burt both understood that, in order to constitute a delivery, it would be necessary to put it into the grantee's hands; and, not intending to make a delivery, Mrs. Chaffee left it with Mr. Burt, so that she could recall and revoke it at pleasure.

In *Schuffert v. Grote*, 88 Mich. 650, a deed was made from father to son, and actually delivered to the grantee. The father said he did not want it to go on record, and the son handed it back to him. The father afterwards destroyed it, and made a new deed to another. It was held that it was clearly his intent to make only a testamentary disposition of his property, and that his deed was subject to revocation. In the present case, the deed was never delivered to the grantee, but placed in the hands of Mr. Burt, who was clearly the agent of the grantor, and not of the grantee.

In *Pennington v. Pennington*, 75 Mich. 600, the deed was delivered to Mr. Niles, to be delivered to the grantee after the death of the grantor; and it was held that it was subject to the grantor's right to rescind or alter it at pleasure. There were as strong reasons in that case for holding a delivery of the deed as in the present.

The question under the case is one of intent, to be established by proofs. We are satisfied that Mrs. Chaffee never intended to place the deed to the complainant beyond recall, and she did recall and destroy it before deeding to defendant.

We need not set out the testimony given upon the trial by which complainant sought to establish the fact of Mrs. Chaffee's mental incompetency, and the exercise of undue influence over her by the defendant. It is not satisfactory, and falls short of showing either.

We think the court below reached the correct conclusion, and the decree below will be affirmed, with costs.

The other Justices concurred.