### WIPFLER v. WIPFLER.

1. DEEDS—DELIVERY—SUFFICIENCY.
   Where a husband prepared, signed, and acknowledged certain deeds naming his wife as grantee, and kept them in his own possession for several years, and on the eve of departing on a journey handed them to his wife with instructions that if anything of a fatal nature should befall him she should have them recorded, which she did forthwith, though he returned in safety, there was a sufficient delivery to pass title to her, since he reserved no right to recall the deeds.

2. SAME—DELIVERY TO GRANTEE'S HUSBAND.
   Where a husband bought property with his own funds, taking deeds therefor naming his wife as grantee, the delivery of the deeds to him was sufficient to vest the title in her.

3. TRUSTS — RESULTING TRUSTS — CONVEYANCE TO PURCHASER'S WIFE.
   Under section 8835, 3 Comp. Laws, no relief can be granted a husband against his wife with respect to property which he bought with his own funds, taking deeds therefor naming her as grantee.

Appeal from Wayne; Brooke, J. Submitted April 13, 1908. (Docket No. 44.) Decided May 26, 1908.

Bill by Charles Wipfler against Lucy Wipfler for a divorce, to set aside a deed, and to compel the conveyance to complainant of certain real estate. From a decree for complainant, defendant appeals. Modified.

*Charles R. Robertson*, for complainant.

*William C. Gottman* (*Jonas B. Houck*, of counsel), for defendant.

MONTGOMERY, J. Complainant filed a bill for divorce, also praying to have set aside a deed of certain lands made by complainant running to the defendant, and to compel the conveyance by defendant to complainant of certain other lands, title to which was taken in defendant's name, the consideration price having been paid by complainant. The complainant prevailed on all points in the court below and defendant appealed. The ground for the divorce alleged was extreme cruelty. The circuit judge, who saw the witnesses and noted their appearance upon the stand, was of the opinion that the case of extreme cruelty was made out. We are not disposed, upon the record made, to disturb the circuit judge's finding upon this question.

Upon the question of the right to set aside the deed executed by complainant and placed in defendant's hands, we encounter what we deem a legal obstacle to granting the relief prayed. The equities of the case are undoubtedly very strongly with complainant, and if the rules of law would admit, we should unhesitatingly grant the relief prayed. The property involved represents substantially all the earnings of the complainant for a lifetime, and the insistance by the defendant upon her legal rights, which will result in turning complainant out almost penniless, is most unconscionable and inequitable. We have struggled to find authority for relieving complainant in the case, but upon a full consideration and a re-examination of the question determined by this court in *Dyer* v. *Skadan*, 128 Mich. 348, we are unable to find such authority.

Complainant's testimony is that he prepared, signed, and acknowledged the deeds in question, and retained them in his possession for several years, but that in the month of August, 1890, when about to take a railway trip to the G. A. R. encampment, which he deemed hazardous on account of a strike of the employés of the road he would travel over, he, before leaving home, handed the deeds to the defendant with instructions that if anything of a fatal nature should befall him, she should have the deeds recorded; that he returned in safety, and several years thereafter found that defendant had caused the deeds to be recorded during his absence on this trip. The defendant denies that there was any condition annexed to the delivery of the deeds to her, but asserts that complainant handed her the deeds telling her to record them, and instructing her in what office to have them recorded. But assuming complainant's version to be correct, the transaction constituted a delivery of the deeds to the grantee without any express reservation of the right to recall them, and with intent that in a certain contingency they should be effective, without any further act on the part of the complainant.

The case of *Dyer* v. *Skadan* reviews the authorities and follows the rule laid down by this court in *Dawson* v. *Hall*, 2 Mich. 390, that a delivery of a deed by a grantor to a grantee in escrow or upon condition is effectual to pass title presently. This question has arisen and is considered and discussed in a vast number of cases. Many cases may be found in which the manual custody of a deed had been entrusted to the grantee temporarily and evidence was admitted to show that no delivery was intended. But these cases when examined and analyzed are found to be, we think, cases in which there was no intent that the deed should take effect ultimately without any further act on the grantor's part if the condition upon which it was delivered should be performed. See a discussion of this subject in *Gilbert* v. *Insurance Co.*, 35 Am. Dec. 543 (23 Wend. [N. Y.] 43), in which case it

was held that leaving the deed in the hands of the grantee to be by him transmitted to a third person to hold in escrow until the happening of a certain event is not a delivery to the grantee so as to vest title in him. But in that case it is manifest that nothing but the bare possession of the deed was vested in the grantee, and it was not to be retained except by a breach of faith. The deed could not presently take effect in the hands of the grantee, nor could it take effect without an intervening act by the grantor or his agent. In the present case, no act of the grantor was required which was not performed. It is true the condition which it is attempted to annex to the delivery has not been fulfilled, but had the death occurred, no other act of the grantor was essential to the passing of title. The case of *Gilbert* v. *Insurance Co.*, it should be stated, was later distinguished and its doctrine questioned by so able a jurist as Judge Selden in *Braman* v. *Bingham*, 26 N. Y. 491, in which it was sought to avoid delivery of a deed on the ground that it was deposited with the grantee with instructions to leave it with one of the clerks of the register's office, and it was contended that these facts showed that there was no delivery with intent that title should pass. It was held, however, that it was immaterial whether these facts were properly pleaded; that if the answer, in addition to what it contained, had embraced these facts, it would not, in the opinion of the court, have presented a defense. Referring to *Gilbert* v. *Insurance Co.*, it was said:

"In that case, the grantee had deposited the deed with the third person in pursuance of the arrangement, the condition had not been performed, and the grantee made no claim under the deed. The case presented merely the question, whether the grantor still retained an insurable interest in the premises described in the deed, the nominal grantee testifying to the terms in which the deed was delivered to him. Limited to its peculiar circumstances, no fault can be found with the decision; but if the grantee had retained the deed, claiming that its delivery to him was absolute, and in a contest between him and the grant-

or parol proof of a conditional delivery had been offered, I think the result would have been different. If I am wrong in this conclusion, the case discloses an avenue for the overthrow of titles, by parol proof, which was supposed to be closed by the rule to which it would seem to form an exception. * * * If a delivery to the grantee can be made subject to one parol condition, I see no ground of principle which can exclude any parol condition. The deed having been delivered to the grantee, I think the parol evidence that the delivery was conditional was properly excluded."

See, also, *Foley* v. *Cowgill*, 5 Blackf. (Ind.) 18 (32 Am. Dec. 49); *Worrall* v. *Munn*, 5 N. Y. 229 (55 Am. Dec. 330).

But if we assume it to be correct to hold that a deed may be delivered to a grantee as a mere agent or bailee of the grantor to transmit such deed to a third person to hold in escrow, it does not aid the complainant in this case. Nor do we know of any authority which goes to the extent of holding that a deed delivered to a grantee with an intention on the part of the grantor that it shall be subject to a future condition, but with no express provision for recall by the grantor and requiring for its validity no additional act on the part of the grantor or any third person, can be defeated by parol proof of such condition.

Certain Michigan cases are cited which are claimed to make for a different rule. *Pennington* v. *Pennington*, 75 Mich. 600, cited by complainant, was a case which perhaps may be said to recognize the principle of *Gilbert* v. *Insurance Co.* In that case deeds had been prepared by the grantor and deposited with a third party not to be delivered during complainant's lifetime. The testimony tended to show that it was understood that the deeds were subject to the grantor's order. Some months after the execution of the deeds the grantor gave an order to the grantee, directed to the custodian, asking him to deliver up the deed to the grantee. The testimony showed that the order was given in order that the deed might be taken to

the grantor so that arrangements could be made for taking from the grantee security to be given to otheir heirs of the grantor, which the grantor intended as a condition to letting the grantee have title, and that in fraud of the grantor, the grantee caused the deed to be recorded. This was clearly a case in which it was never expected that the deed in the hands of the grantee should have effect on any condition or in any contingency. It was a clear case of a breach of faith on his part.

The case of *Schuffert* v. *Grote*, 88 Mich. 650, was a case in which a father executed a deed to a son and handed it to him, the son at the same time handing it back to him and saying that he didn't desire to take possession of the property until the father's death. The testimony showed that the deed was signed, acknowledged, witnessed, and handed to the son and by him immediately handed back to the father. One of the witnesses to the deed testified that the father said that he—

"Calculated to deed that property to Charles, that his son Gus had had his share, so that there would be no trouble after he was dead; that the father said he would not like to see the deed go on record until after he was dead; and that Charles said that he need not be afraid the deed should go on record, and that he could keep it himself."

The court construed this testimony as showing in effect that there was no intentional present delivery of the deed, that it was retained in the grantor's possession, and that it was not the intention of the grantor to convey either the title or possession to the son at the time.

The case of *Burk* v. *Sproat*, 96 Mich. 404, has no bearing upon the present case, as in that case the deed was never delivered into the possession of the grantee, but was placed in the hands of a third party, as the court held, subject to recall by the grantor.

The case of *Chick* v. *Sisson*, 95 Mich. 412, was also a case which might be controlled by the principle of *Gilbert* v. *Insurance Co.*

The case of *Hogadone* v. *Insurance Co.*, 133 Mich. 339, was a case where a deed was executed and placed of record by the grantor but never delivered to the grantee. It is well settled, and the case recognizes the fact, that the record of a deed by the grantor is not necessarily a delivery, but simply evidence of a delivery, and it was held that the title had not passed.

The case of *Roup* v. *Roup*, 136 Mich. 385, was very similar in its facts to *Schuffert* v. *Grote*, supra, and it was held that there was no delivery and acceptance by the grantee, the custody of the deed being retained by the grantor.

We find no case cited from Michigan, therefore, contrary to the conclusion which we reached in *Dyer* v. *Skadan*, supra. See, also, *Tabor* v. *Tabor*, 136 Mich. 255; *Wilbur* v. *Grover*, 140 Mich. 187; and *Nolan* v. *Garrison*, 151 Mich. 138, in which the rule in *Dyer* v. *Skadan* is recognized. It must be held that the deed in question passed title to the defendant.

Certain property known as the Hamtramck property was purchased by complainant, and deed from the grantor was made to the defendant, by complainant's direction. The deed was delivered to the complainant and retained by him. That such delivery was sufficient to vest title in the defendant, see *Thatcher* v. *St. Andrew's Church*, 37 Mich. 269. We see no escape from holding that this vested title in the defendant irrevocably and defeated complainant of any equitable remedy to recover the property.

Section 8835, 3 Comp. Laws, provides:

" When a grant for a valuable consideration shall be made to one person, and the consideration thereof shall be paid by another, no use or trust shall result in favor of the person by whom such payment shall be made; but the title shall vest in the persons named as the alienee in such conveyance, subject only to the provisions of the next section."

Which provisions have no relation to the question here.

The case is clearly within the statute. See *Barnes* v. *Munro*, 95 Mich. 612; *Winans* v. *Winans' Estate*, 99 Mich. 74. It is beyond our power to grant complainant relief as to this property.

The decree must be modified as indicated by this opinion. But the want of equity and good conscience in defendant's attitude in this case is so marked that we are disposed to exercise our discretion and withhold any award of costs.

GRANT, C. J., and BLAIR, CARPENTER, and McALVAY, JJ., concurred.