BENORE v. BENORE.

1. DIVORCE—EXTREME CRUELTY—EVIDENCE—SUFFICIENCY.
   On a bill for divorce by a husband against his wife, evidence *held*, sufficient to show extreme cruelty on the part of the wife.

2. SAME—FRAUD—EVIDENCE—SUFFICIENCY.
   Evidence *held*, insufficient to show such fraud upon the part of the wife in procuring a deed to all of plaintiff's property as would support a decree canceling and setting aside the conveyance, and to not justify a decree for divorce, where the bill for divorce would not have been filed, but for the purpose of canceling the conveyance.
   198—Mich.—8.

Appeal from Monroe; Gilday, J.   Submitted April 5, 1917.   (Docket No. 46.)   Decided September 27, 1917.

Bill by George N. Benore against Annie Benore for a divorce and to set aside a deed and bill of sale. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*John O. Zabel* and *J. N. Sampson*, for plaintiff.

*Clayton C. Golden* (*Oliver J. Golden*, of counsel), for defendant.

OSTRANDER, J.   Several incidents, occasions and circumstances, are referred to in the bill of complaint with considerable detail and charged as examples of extreme cruelty of which defendant has been guilty. When the testimony introduced to support these charges is analyzed, they seem trivial and unworthy of the serious attention of the court.   The only charge which seems to merit serious attention is the one based upon the transfer by the plaintiff to his wife of all of his very considerable property and her treatment of him thereafter.   With respect to this charge the testimony overlaps, outruns, the complaint, but does not sustain it in the very important allegation that the defendant by her conduct *forced*, or *procured*, the said transfer of property, and that plaintiff was not entirely conscious of the act he was performing when he conveyed his effects to his wife.   It is not proved that by oppression, by nagging, she had advantage of a man so mentally and physically unbalanced that he did not comprehend what he did.   The truth appears to be that plaintiff became anxious about his financial situation, and transferred his property to his wife, with the purpose to avoid one or more of his obligations, and perhaps to gain time

as to others. The situation was one about which they were mutually concerned. It is true that he testifies to conduct on her part calculated to destroy his peace of mind, but in the face of other testimony his claims appear extravagant, and evidence of coercion of the husband by the wife is not found.

He did, however, transfer to her all of his property. They had been married 30 years, nine children they had had, all living, the youngest some 14 years of age. They had made their fortune on the farm, and the principal part of their property was land. The testimony is convincing, so much so that no real issue of fact is made upon the point, that having become owner, in form, of all of the family estate, defendant thereafter treated her husband much as she would treat any stranger. Stripped of income and means of support, except by his own labor, she made it plain that it was by his own labor, and labor for others, that he must survive, if he survived at all. Before his children and the neighbors, this man, who had worked hard to acquire a competence, had been rated a man of property and consequence in the community, who had turned $30,000 worth of property over to his wife, was denied all control of the property, refused money except in little sums for which he had to ask, and finally driven out of his home to seek and perform menial services for others for a livelihood. Giving to defendant the credit she deserves, and treating the property he owned as community property, which she, equally with her husband, helped to accumulate, and assuming, too, that his transfer of the property to her was voluntary, the very relation of husband and wife required that some consideration be given her husband in the premises. She testified to facts which, if true, entitled her to a divorce, if she cared to ask for one. She did not ask for one. She maintained in form, but not in fact,

the marital relation. Out of the effort made by both, in which both were deeply concerned, to retain a competence, to save their fortune, she found herself owner of all of his property. She used the situation to humiliate her husband and outrage his feelings. He charges that, after obtaining his signature "to said deed and bill of sale," she took possession of the property and control of the same and continued her oppression and nagging—

"and finally ordered him to leave and get a job and take care of himself; she collected all of the income and kept charge of the same, and even refused to furnish your orator with money for the necessaries of life, and this condition became so oppressive and so overpowered your orator that he finally left and sought work and since that time has been obliged to do manual labor for his support."

This charge, in view of the relations of the parties, is a charge of extreme cruelty, and, in the main, is amply sustained by evidence. The learned trial judge who entered a decree dismissing the bill was of opinion that, if the trouble in relation to the land had not arisen, plaintiff would not have asked for a divorce from his wife, and of the transfer of property he said:

"Now, with that testimony, I can't see how a court could possibly say that, or set aside a solemn deed. If under such testimony the deed is to be set aside, why, the title to land would be rather uncertain. I am sorry that he did it. I am sorry he didn't retain something for himself."

I think it is true that plaintiff's treatment in respect to the property accounted for the filing of the bill in this cause. There is no evidence which would support a decree canceling and setting aside the transfer of property to the wife. *Wipfler* v. *Wipfler*, 153 Mich. 18 (116 N. W. 544, 16 L. R. A. [N. S.] 941); *Judd* v. *Judd*, 192 Mich. 198 (158 N. W. 948; 160 N. W. 548).

The conduct of defendant, after securing the property, has led to a careful examination of the circumstances attending the transfer thereof, without discovering, what indeed is not charged, such fraud on the part of the wife in securing such transfer as to bring the case within the principle of *Judd* v. *Judd, supra.*

Under the circumstances, an affirmance of the decree below is ordered, but without costs to appellee.

KUHN, C. J., and STONE, MOORE, STEERE, BROOKE, and FELLOWS, JJ., concurred. BIRD, J., did not sit.