## WEBER *v.* SCHAFER.

1. CANCELLATION OF INSTRUMENTS—DEEDS—BURDEN OF PROOF — EVIDENCE—SUFFICIENCY.

   In a suit for the cancellation of certain deeds on the grounds of undue influence and mental incompetency, evidence *held,* insufficient to sustain the burden of proof which lies with plaintiffs.

2. DEEDS—DELIVERY TO THIRD PERSON—VALID IF INTENT TO PRESENTLY PASS TITLE.

   An owner of real estate may pass title to the grantee named in a deed by delivery of the instrument to a third person with instructions not to deliver to the grantee until after the death of the grantor, but it must be the design of the grantor to immediately pass title by such delivery.

3. SAME—DEEDS DELIVERED TO THIRD PERSON SUBJECT TO CONTROL OF GRANTOR VOID.

   Deeds executed by the owner of real estate and delivered to a third person with instructions to deliver at grantor's death in case she had not asked for their return in the meantime are void; there being no intention of making a present conveyance of the properties.

Appeal from Wayne; Jayne (Ira W.), J. Submitted June 9, 1926. (Docket No. 30.) Decided October 4, 1926.

Bills by Evelyn Weber and others against Grover A. Schafer and others to set aside certain deeds. The cases were consolidated and tried as one. From a decree dismissing the bills, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*George A. Kelly (Edmund E. Shepherd,* of counsel), for plaintiffs.

*Robert J. Hanley* and *Louis Ott,* for defendants.

Cancellation of Instruments, 9 C. J. § 195; Deeds, 18 C. J. § 114; 38 L. R. A. (N. S.) 942; 8 R. C. L. 995; 2 R. C. L. Supp. 701.

SNOW, J.   Four actions, in which plaintiffs seek to have certain deeds decreed null and void, were consolidated for trial.   From a decree denying the relief and dismissing the bills plaintiffs appeal.

Margareth Doll, a widow, died in Detroit February 9, 1920.   Just prior to her decease, desiring to dispose of her property by will, she called her attorney, Judge Ott, to prepare it.   He advised her to also execute deeds which she undertook to do.   After consideration and after changing her mind as to whom the grantees in the respective deeds were to be, she finally concluded upon and executed four deeds as follows:   (*a*) a warranty deed of real estate in Detroit to Grover A. Schafer, dated January 30, 1920; (*b*) a warranty deed of real estate in Detroit to Charles Weber and Clara Weber, dated February 2, 1920; (*c*) a warranty deed of real estate in Detroit to Charles Weber and Clara Weber, dated February 2, 1920; (*d*) a warranty deed of real estate in Detroit to Grover A. Schafer, dated February 7, 1920.   She also executed a will, the provisions of which do not fully appear in the record.   The plaintiffs are next of kin and heirs at law of the deceased, while the grantees in the deeds bear her no relation.

After the deeds had been executed they were delivered to her attorney, who testified in regard thereto as follows:

"She told me to deliver them to Miss Arndt and also told me to mention to nobody what disposition she had made of her property.   She said, 'I know I can trust Miss Arndt and you give them to her,' and she said 'I will instruct Miss Arndt what to do with these papers in case of my death.'   She said further, I remember, 'It is time enough for these people to know what they are going to get after my death; I don't want anybody to know now what they are going to get or anything about it.'   And thereupon I did turn all of these papers over to Miss Helen Arndt in accordance with her instructions."

It does not appear what, if any, instructions were given by Judge Ott when the deeds were turned over to Miss Arndt, but, prior to her receiving them from him, she testified Mrs. Doll instructed her as follows:

"*Q.* Did you have any further conversation with her after she had seen Mr. Ott?

"*A.* Yes, sir, I had called on her at her home.

"*Q.* Did she say anything about the disposition of her properties?

"*A.* Yes, she said to me, 'Would you do me a favor?' I said 'If it is not too great a favor I will.' And she said, 'If I deed my property to the parties I want to have it will you hold my papers in case I should die, give it to Mr. Ott to do with it what is the proper thing to be done, and if I should become well and wish to sell any of my pieces of property will you then return whatever deed I want or whatever paper I want so I may do with it whatever I wish?' I then promised her I would do so."

On the 16th day of February, 1920, the deeds above mentioned were recorded in the office of the register of deeds for Wayne county, they presumably having been delivered to the grantees by Miss Arndt or Judge Ott after Mrs. Doll's death.

Plaintiffs contend the deeds were executed by the grantor while subject to the undue influence of the defendants, and when in such a mental condition as to be unable to understand the nature of her act. We have carefully examined the record and all evidence bearing upon these claims, and find that plaintiffs have signally failed to establish them as facts. This phase of the case is aptly disposed of in the opinion of the chancellor by the use of the following language:

"Laying aside the goggles of interest and jealousy, through which those anticipating to profit by the bounty of one about to die, are incited to distort her every movement, speech or expression and looking through the disinterested eyes of the witnesses to these

instruments, we conclude that the plaintiffs have failed to sustain the burden of proof which lies with them."

The remaining question for our determination is, under the undisputed circumstances in connection with these deeds, did a present interest in the lands pass to the grantees, to be enjoyed by them at a future period and upon the happening of a certain event, viz., the death of Mrs. Doll. If this question is to be answered in the negative, the instruments as deeds pass no title to the grantees. That it must be so answered is clearly apparent from the testimony of Miss Arndt, the custodian of the deeds, to whom Mrs. Doll said: "if I should become well and wish to sell any of my pieces of property, will you then return whatever deed I want, or whatever paper I want *so I may do with it whatever I wish.*" It is certain that Mrs. Doll had no intention of making a present conveyance of her properties, but desired during her life to retain the same control over them that she would have had, had the deeds not been executed at all.

It is well settled in this State that an owner of real estate may pass title to the grantee named in a deed by delivery of the instrument to a third person with instructions not to deliver to the grantee until after the death of the grantor. *Loomis* v. *Loomis,* 178 Mich. 221, and cases there cited. But it must be the design of the grantor to immediately pass title by such delivery, and if it is, on the contrary, his intention that the title should remain in him until his death, the deed would be but testamentary in its character because subject to revocation. *Felt* v. *Felt,* 155 Mich. 237. A brief review of some of the holdings of this court analogous to the case under consideration may be of interest.

In *Felt* v. *Felt, supra,* a deed was delivered by the grantor to the Wayne Savings Bank as a depository. Upon the envelope containing the deed was written:

"At the death of Noah Felt to be delivered to Zara L. Felt. Provided, during the life of Noah Felt, said Noah Felt is to have possession of within at his request any time."

It was held that inasmuch as Noah Felt attempted to retain the title so long as he lived, erroneously supposing that the deed could become effective to pass title by delivery after his death, that the title upon his death vested in his two sons William and Zara, and not to Zara alone.

In *Loomis* v. *Loomis, supra,* a deed was deposited with the scrivener to retain "and that if anything occurred to her, happened to her, to deliver this deed to Charles Loomis." It was held the proof disclosed that the grantor was making a final and irrevocable disposition of the property in the deed; that she deposited the deed with instructions to deliver it to the grantee at her death, and that she retained no control over it; and that therefore a valid delivery was accomplished, and an immediate estate vested subject to a life estate in the grantor.

*Cooper* v. *Cooper,* 162 Mich. 304. Here about two months prior to his suicide, Fitch D. Cooper executed a deed to his two sons and delivered it to one William Mines with instructions to "keep those papers until the boys call for them," and after his death a letter was found directed to Mines asking him to immediately record the deed, which he did. This was held to be a present delivery, and the direction to the custodian to be unequivocal, containing no intention to retain control of the deeds. The deed was held valid as conveying a present interest in the property. See *Munro* v. *Bowles,* 187 Ill. 346 (58 N. E. 331, 54 L. R. A. 865), and other authorities reviewed in this case.

It is held in *Shumway* v. *Mason,* 188 Mich. 623, that a deed, found with a third party, was insufficient to establish a valid conveyance because "the circum-

stances strongly indicate that Clarissa never understood to the day of her death that she had parted with the legal title to her interest in the farm."

Likewise in *Pollock* v. *McCarty,* 198 Mich. 66, a deed was held not to convey title for want of delivery because the grantor intended to own and control the property and that there was no idea on her part of a "sale and purchase of land, nor any of the transfer of a present interest in the land, with deferred enjoyment thereof." Other cases of similar import are *Reed* v. *Brown,* 184 Mich. 515; *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291); *Burke* v. *Sproat,* 96 Mich. 404; *Thatcher* v. *St. Andrews Church,* 37 Mich. 264; *Brown* v. *Keiser,* 182 Mich. 432.

It will be seen that the facts in the instant case bring it within the rule clearly defined in those cases where delivery was inadequate to pass title. It was the desire of Mrs. Doll to dispose of her property by will, and to that end she called her attorney. She had no wish to put her property beyond her control during her lifetime, but simply to direct its disposition after her death. She regarded the deeds as the means to that end, and her directions to Miss Arndt clearly show her purpose. She wanted the absolute control of her property while she lived, and reserved the right at any time to withdraw the deeds, the return of which on demand could not be denied her.

The decree appealed from is reversed, and one may be entered in favor of plaintiffs, declaring the deeds in all four actions to be void for lack of delivery. Plaintiffs will recover costs.

BIRD, C. J., and SHARPE, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.