HYNES *v.* HALSTEAD.

1. DEEDS—PURPOSE OF DELIVERY—INTENT.
   The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument and any act presumptively a delivery of a deed will not be a delivery if the intent to make it such is wanting.

2. SAME—DELIVERY—ACCEPTANCE PRESUMED IF BENEFICIAL TO GRAN-
TEE.

Ordinarily without the acceptance of a deed on behalf of the
grantee there can be no delivery but where the deed is bene-
ficial to the grantee, acceptance will ordinarily be presumed.

3. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
—COMMON EMPLOYEE.

In suit by beneficiaries under will of deceased real estate man,
against another real estate man who had had offices together
with deceased and who was grantee under a deed, to set same
aside because of fraud, undue influence, mental incompetency
and want of delivery, testimony of man who had been em-
ployed by both deceased and defendant and who drew deed
involved *held*, competent as to execution and claimed delivery
notwithstanding objection by plaintiffs that such matter was
equally within knowledge of deceased (3 Comp. Laws 1929,
§ 14219).

4. DEEDS—DELIVERY DURING GRANTOR'S LIFETIME.

A deed, to be operative, must be delivered beyond recall of the
grantor during his lifetime.

5. SAME—DELIVERY BY DEPOSITARY—DEATH OF GRANTOR.

The agency of a depositary to make delivery for the grantor
ceases with the death of the grantor.

6. GIFTS—INTER VIVOS—DELIVERY—INTENT.

To constitute a gift *inter vivos* there must be a delivery of the
thing given, either actual or constructive, so as to place the
*jus disponendi* beyond the power of the donor to recall and
with intent to transfer the title to the donee.

7. DEEDS—GIFTS—DELIVERY AFTER GRANTOR'S DEATH.

In suit to set aside a deed, given by grantor to third party to
deliver to grantee upon grantor's death if grantor did not ask
for its return and for which grantee gave no consideration,
where grantor listed property as his own in written financial
statement given bank shortly after deed was executed, delivery
to grantee after grantor's death *held*, ineffective to place title
in grantee.

8. EVIDENCE—GRANTOR'S SUBSEQUENT STATEMENTS AS TO TITLE—
ESTOPPEL OF GRANTEE.

Testimony of alleged statements of a grantor may not be re-
ceived in evidence in derogation of title with which he had

already parted except where statements are made to the party to be affected by them under circumstances from which his acquiescence in their truth can be fairly inferred if not expressed and then they are entitled to little or much consideration according to the circumstances under which they are made.

9. DEEDS—DELIVERY—RIGHT OF GRANTOR TO RECALL.
Until a deed is delivered to a grantee to become operative presently, the grantor retains the right to recall it.

10. SAME—SAFE KEEPING—DELIVERY—RECALL.
A deed deposited with another for safe keeping is not delivered beyond recall.

11. WILLS — DEEDS — DELIVERY BY DEPOSITARY AFTER GRANTOR'S DEATH.
Act of grantor who intended to keep title and retain control of property during lifetime but who executed deed thereof and placed it in hands of depositary for delivery to grantee after grantor's death would be testamentary in character and could not be consummated by a deed.

12. DEEDS—AGENCY FOR POSTHUMOUS DELIVERY DIES WITH GRANTOR.
Agency of one with whom grantor left deed for delivery to grantee after grantor's death dies with grantor and renders delivery after such death ineffective.

13. SAME—DELIVERY—EVIDENCE MUST BE UNEQUIVOCAL.
To render delivery of a deed effective, proof of delivery, either by grantor to grantee or by some one for grantor during his lifetime, must be unequivocal.

14. SAME—DELIVERY—EVIDENCE OF INTENT.
The object of a delivery of a deed is to indicate an intent on the part of the grantor to give effect to the instrument.

15. SAME—DELIVERY—ACCEPTANCE.
The act of delivery of a deed is not necessarily a transfer of the possession of the instrument to the grantee and an acceptance by him, but it is the act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit.

16. SAME—TEST OF CONVEYANCE—DELIVERY.
The test of a conveyance is whether it can be said that the delivery of the deed was such as to convey a present interest in the land.

17. SAME—POSTHUMOUS DELIVERY INEFFECTIVE.

In suit by beneficiaries under will of grantor to set aside a deed delivered by third person to grantee after grantor's death, evidence *held,* to show deed was not given to such third person with intention to place it beyond grantor's recall and to vest grantee with title presently and unequivocally, hence posthumous delivery made was ineffective.

Appeal from Genesee; Gadola (Paul V.), J.  Submitted October 13, 1937.  (Docket No. 132, Calendar No. 39,553.)  Decided December 15, 1937.

Bill by John P. Hynes and others against Ward Halstead to set aside a deed.  James Martin and Tena Shea, administrators *de bonis non* with will annexed of William T. Hynes, deceased, intervened as parties plaintiff.  Bill of complaint dismissed. Plaintiffs and intervening plaintiffs appeal.  Reversed.

*Farley & Elliott,* for plaintiffs and intervening plaintiffs.

*Neithercut & Neithercut (George W. Cook,* of counsel), for defendant.

POTTER, J.  Plaintiffs, beneficiaries under the last will and testament of William T. Hynes and, except Matthew Shea, his sole heir, filed their bill in equity to set aside a deed from William T. Hynes to Ward Halstead upon the ground of fraud, undue influence, mental incompetency, and want of delivery thereof. Defendant answered, claiming the deed was in all respects valid and asking that the bill of complaint be dismissed.  The trial court dismissed plaintiffs' bill, and they appeal.

The trial court held the decision of this case turned upon the question of the delivery of the deed

alleged to have been executed by Hynes to Halstead, July 5, 1930. The delivery of the deed depended upon the intention of the grantor. The whole object of the delivery of a deed is to indicate an intent upon the part of the grantor to give effect to the instrument. *Thatcher* v. *St. Andrew's Church of Ann Arbor,* 37 Mich. 264. Any act presumptively a delivery of a deed will not be a delivery if the intent to make it such is wanting. *Stevens* v. *Castel,* 63 Mich. 111. Ordinarily, without the acceptance of a deed on behalf of the grantee, there can be no delivery. *Truitt* v. *City of Battle Creek,* 208 Mich. 618; *Meade* v. *Robinson,* 234 Mich. 322. But where the deed is beneficial to the grantee, acceptance will ordinarily be presumed.

Defendant and Hynes were engaged in the real estate business and had offices in the city of Flint together. One Frank G. Cummings drew the deed in question. He had been in the employ of defendant Halstead for about five years, and of decedent Hynes for about three years. He testified against plaintiffs' objection that he was incompetent to testify as to matters equally within the knowledge of the deceased.

The statute, 3 Comp. Laws 1929, § 14219, provides:

"No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."

In construing this section of the statute, in *Hocking Valley Products Co.* v. *Tackett's Estate,* 219 Mich. 623, it was said:

"This provision of the statute was inserted in the general section in 1901 and it is quite evident what the purpose of the legislature was. Many contracts were made on one side by agents. When the party who acted for himself died, the opposite party was prohibited from testifying, but his agent was not. The agent could testify against the dead man's estate and the same harm was done which the passage of the general section sought to avoid. In order to carry, out the purpose of the general section this provision was added."

"The simple question here presented is whether a party to a claim against the deceased is precluded from calling as a witness the agent of the deceased who transacted the business involved in the suit. We know of no cases so holding. Appellees cite a number of authorities, none of which support their contention." *Currier* v. *Clark,* 145 Iowa, 613, 618 (124 N. W. 622).

We think the testimony of Cummings was competent, and the trial court so held because he relied upon his testimony in his findings of fact and there is nothing in the opinion to indicate he excluded it.

Cummings testified, on direct and cross-examination, in relation to all the facts and circumstances relating to the execution and claimed delivery of the deed about which he was interrogated. He testified that Halstead knew nothing about the deed; but he was not sure whether he or Halstead called the other first, after Hynes' death, to make an appointment about the delivery of the deed. In any event, Cummings felt there might be litigation about the deed and so made an appointment in a lawyer's office, where he said he delivered the deed to Halstead. He admitted he told the witness Martin he was in a position to give the deed back to Hynes if Hynes had demanded it; and witness Shea testified Cummings

told him the deed was given to him with the understanding that any time the grantor would ask for it, he would give it back to him.  James Martin, vice-president of the bank with which Hynes did business, testified that after Hynes died, he had a conversation with Cummings relative to the deed and that Cummings stated to him, "Mr. Hynes gave me the deed to give to Ward Halstead when he died, unless he should ask for it back," and, on cross-examination, he testified, "He told me, Mr. Cummings told me that the understanding with Bill was that any time Bill wanted that deed back he could get it." Louis Carpenter testified he overheard a conversation in the elevator, between Cummings and Shea, and Shea said to Cummings, "Why in hell did not Halstead put that deed on record," and Cummings replied he had drawn the deed up with the understanding that any time Mr. Hynes asked for it he would give it back to him.  All this is consistent with Cummings' agency of Hynes, and with Hynes' subsequent action.

Though the deed was executed July 5, 1930, and defendant contends the property was then conveyed to him and the deed delivered to Cummings for him and that the real estate claimed to have been conveyed was of the approximate value of $32,000, July 30, 1930, Hynes made a financial statement in writing to the bank with which he was doing business, in relation to credit, in which he listed the real estate in question, stating that he had title thereto. August 14, 1930, he made a will, and he had made prior wills; and neither in the will of August 14, 1930, nor in any prior wills, had Halstead been named as a beneficiary.  On the other hand, the witness Butler testified Hynes told him he had given his property to Shea.

The important question was, whether there was such a delivery at the time the deed was executed as passed the title to the premises to Halstead.

*Loomis* v. *Loomis,* 178 Mich. 221, relied upon by the trial court, is to be distinguished. A deed to be operative must be delivered. It must be placed beyond recall. It must pass title to the grantee. It must have been made operative during the lifetime of the grantor. If there was no delivery until after death of the grantor, the deed would be ineffectual. To be made operative after death, it must have been made effectual during the lifetime of the grantor. The agency of a depositary to make delivery for the grantor ceases with the death of the grantor. In that case, the grantee knew of the deed. In this case, he knew nothing about it. In that case, a life estate was reserved to the grantor; in this, no life estate was reserved. The deed there involved was executed in pursuance of a mutual agreement. In this case, there was no such agreement. In that case, there was ample consideration; in this case, no consideration. In that case, the grantee testified fully in relation to the consideration, without objection; the scrivener understood the grantor was making a final disposition of the real estate; the other heirs of deceased knew of the deed. It was made between the parties, upon sufficient consideration, by mutual agreement, with the knowledge and consent of other heirs. Regardless of what may have been said in that case, the deed here involved, in order to be operative after death, must have been made operative by delivery by the grantor during life and it must have conveyed a present interest in the land.

No consideration was paid for the deed. It was a voluntary gift upon the part of Hynes to Halstead if defendant's contention is correct.

"To constitute a gift *inter vivos*, there must be a delivery of the thing given, either actual or constructive. It is not necessary that it be delivered to the person intended directly; it may be delivered to some person for him, or to a trustee for that purpose; but in all cases such a disposition of it must be made in favor of the donee as effectuates the object, and places the *jus disponendi* beyond the power of the donor to recall. *Love* v. *Francis*, 63 Mich. 181 (6 Am. St. Rep. 290). It is well settled that an intention to give, evidenced by a writing, may be most satisfactorily established, and yet the intended gift may fail because no delivery is proved. *Wadd* v. *Hazelton*, 137 N. Y. 215 (33 N. E. 143, 21 L. R. A. 693; 33 Am. St. Rep. 707). Another well-settled rule in relation to such gifts is that, to make them valid, the transfer must be executed; for the reason that, there being no consideration therefor, no action will lie to enforce it. To consummate such gift, there must be such a delivery from the donor to the donee as will place the property within the dominion and control of the latter, with intent to transfer the title to him. *Gray* v. *Barton*, 55 N. Y. 68, 72 (14 Am. Rep. 181)." *Holmes* v. *McDonald*, 119 Mich. 563 (75 Am. St. Rep. 430).

We are constrained to believe Hynes did not, at the time of the execution and delivery of the deed, intend to pass title to the real estate described therein presently and unqualifiedly to Halstead, but intended to retain the title thereto until his death. This is consistent with his financial statement, in writing, to the bank in relation to his credit there, made a short time after the deed was executed; and consistent with the statements alleged to have been made by the witness Cummings.

Though testimony of the alleged statements of a grantor may not be received in evidence in derogation of the title with which he has already

parted, "an exception to this rule exists, only when the statements are made to a party to be affected by them under circumstances from which his acquiescence in their truth can be fairly inferred if not expressed, and then they are entitled to little or much consideration according to the circumstances under which they are made." *Dawson* v. *Hall,* 2 Mich. 390.

The question here is not the reception of testimony as to statements made by Hynes in derogation of the title already conveyed by him, but concerns the question whether the title had been conveyed by Hynes to Halstead or not.

There is no doubt but that until a deed is delivered to a grantee to become operative presently, the grantor retains the right to recall it. *Pennington* v. *Pennington,* 75 Mich. 600; *Cooper* v. *Cooper,* 162 Mich. 304. Any deed, to be maintained after death, must have been made operative by some valid delivery during life. *Taft* v. *Taft,* 59 Mich. 185 (60 Am. Rep. 291); *Culy* v. *Upham,* 135 Mich. 131 (106 Am. St. Rep. 388). A deed deposited with another for safe keeping is not delivered beyond recall. *Pennington* v. *Pennington, supra; Cooper* v. *Cooper, supra.* If it was the intention of Hynes, the grantor in the deed, that the title to the property in question should remain in him until his death, the deed was testamentary in character. *Felt* v. *Felt,* 155 Mich. 237. In order to have made an effectual delivery of the deed, Hynes must have placed the deed, in his lifetime, beyond his recall. *Burk* v. *Sproat,* 96 Mich. 404.

If the purpose of the arrangement made was for Hynes to retain the title and control of the property in question during his lifetime and to provide for a posthumous disposition of it to Halstead, the act

was testamentary in character, and could not be consummated by a deed. *Taft* v. *Taft, supra.* If Cummings was the agent of Hynes for the purpose of making the delivery to Halstead after Hynes' death, then such agency died with Hynes and there could be no subsequent valid delivery. *Wellborn* v. *Weaver,* 17 Ga. 267 (63 Am. Dec. 235), approved in *Taft* v. *Taft, supra.*

There must have been unequivocal proof of a legal delivery by Hynes to Halstead, or to Cummings for Halstead, during the lifetime of Hynes. *Taft* v. *Taft, supra.*

The object of a delivery is to indicate an intent on the part of the grantor to give effect to the instrument. *Schuffert* v. *Grote,* 88 Mich. 650 (26 Am. St. Rep. 316).

The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee, and an acceptance by him, but it is that act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction by a surrender of the instrument to the grantee, or to some third person for his use and benefit. *Thatcher* v. *St. Andrew's Church of Ann Arbor, supra.*

The test is whether it can be said that delivery of the deed was such as to convey a present interest in the land. *Pollock* v. *McCarty,* 198 Mich. 66.

Upon a review of all the testimony, we are not satisfied defendant has established that the decedent Hynes, grantor in the deed, gave the deed to Cummings with the intention to place it beyond recall and to vest the title to the property presently and unequivocally in the defendant Halstead, but think Hynes intended to make a posthumous disposition

of the real estate, which could not be consummated by the deed.

Decree of the trial court reversed and decree entered for plaintiffs, with costs.

Fead, C. J., and North, Wiest, Butzel, Bushnell, Sharpe, and Chandler, JJ., concurred.