REHDER *v.* MARKER.

1. DEEDS—DELIVERY—EVIDENCE.

   In suit to set aside a recorded deed to defendant, nephew of grantor, and to vest title in plaintiff, grantor's stepson, plaintiff *held*, not to have established delivery of deed to himself by a preponderance of the evidence, where it is shown that grantor had made a will leaving premises to plaintiff and 10 days thereafter executed a deed to plaintiff which was never recorded and it was also shown grantor had left the deed with an attorney with instructions to make delivery after grantor's death and that grantor later called for and received the deed, notwithstanding plaintiff's own testimony he had received the deed and then handed it to the attorney with money for stamps and recording, a fact denied by the attorney.

2. SAME—TESTAMENTARY INTENT—DELIVERY.

   A will, leaving premises to plaintiff, closely followed by an undelivered deed, indicates testamentary purpose only so that when deed was recalled from possession of grantor's attorney the subsequent conveyance with delivery thereof to defendant vested a valid title in latter.

Appeal from Wayne; Marschner (Adolph F.), J. Submitted May 13, 1939. (Docket No. 121, Calendar No. 40,372.) Decided July 6, 1939.

Bill by David Lloyd Rehder against Frederick Arthur Marker and others to set aside a deed, to declare plaintiff owner of real estate, for an injunction, a receiver and other relief. Decree for defendants. Plaintiff appeals. Affirmed.

*Harry J. Lippman* (*Leslie D. Bloom,* of counsel), for plaintiff.

*Clement J. Waldman,* for defendant Marker.

WIEST, J.   This is a suit in equity to set aside a deed and vest title to certain real estate in plaintiff.

February 10, 1928, John J. Marker, a widower and owner of the real estate in suit, executed a will in which he devised the premises to plaintiff, his stepson.   Ten days later Mr. Marker executed a deed of the premises to plaintiff, and whether or not that deed was delivered to plaintiff is the pivotal question in the case.

Plaintiff claims that the deed was handed to him at the time it was signed, and he handed it then and there to the attorney who had prepared it, together with money for stamps and recording.   The attorney claims the deed was handed to him by Mr. Marker, the grantor, with instructions to make delivery thereof after his death, and later the grantor called for and received the deed, and no money was paid by plaintiff for recording the deed or stamps thereon. The deed was never recorded.

July 23, 1929, Mr. Marker executed a deed of the premises to his nephew, Frederick Arthur Marker, in consideration "of the sum of love and affection to him in hand paid by the said party of the second part, the receipt whereof is hereby confessed and acknowledged," and this deed was accompanied by a written direction to the attorney who had prepared it to deliver the same upon the death of the grantor. This deed was never recorded.

In 1929, Mr. Marker went to live with his nephew, defendant Frederick Arthur Marker, and September 9, 1930, executed another deed to the nephew of the same property, with consideration stated therein as an agreement by the grantee, "to care for the party of the first part during the term of his natural life, giving him food, clothing, lodging and spending money."   That deed was recorded September 12, 1930.   John J. Marker died in June, 1935.

The circuit judge was of the opinion that plaintiff had not established, by a preponderance of the evidence, the delivery of the deed under which he claims and, therefore, dismissed the bill. Upon review, prosecuted by plaintiff, an examination of the record brings us in agreement with the circuit judge.

We think the instant case governed by the rule applied in *Burk* v. *Sproat,* 96 Mich. 404. The will, closely followed by the undelivered deed, indicated testamentary purpose only, and recall of the deed from the possession of grantor's attorney was permissible, and subsequent conveyance, with delivery to defendant Frederick Arthur Marker, vesting title *in præsenti,* was valid.

Decree affirmed, with costs to defendants.

BUTZEL, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.