*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SCOTT J. CHAKMAK, as Trustee of the
CHAKMAK FAMILY TRUST,

      Plaintiff-Appellee,

v

SUZANNE KOSS, individually,  and SCOTT S.
SAMBERG as Trustee of the JOAN S. CHAKMAK
TRUST,

      Defendants-Appellants.

UNPUBLISHED
January 12, 2023

No.  359169
Oakland Circuit Court
LC No.  2021-187327-CH

Before:  JANSEN, P.J., and SERVITTO and GADOLA, JJ.

PER CURIAM.

Defendants, Suzanne Koss, individually, and Scott S. Samberg, as trustee of the Joan S. Chakmak Trust, appeal as of right the trial court's order denying their motion for summary disposition under MCR 2.116(C)(8) and granting summary disposition to plaintiff, Scott J. Chakmak, as trustee of the Chakmak Family Trust, under MCR 2.116(I).  We affirm.

## I.  FACTS

This appeal involves a dispute over the ownership of certain real property.  Plaintiff and defendants are stepsiblings; plaintiff's father, Albert Chakmak, married defendants' mother, Joan Chakmak.  Plaintiff, Scott Chakmak, is the trustee and beneficiary of the Chakmak Family Trust, while defendant, Scott S. Samberg, is the trustee of the Joan S. Chakmak Trust.

In 2000, Albert and Joan Chakmak purchased a home in Clarkston, Michigan (the property).  In 2002, Albert and Joan established the Albert and Joan Chakmak Trust, of which Albert and Joan were the sole trustees, and executed a quitclaim deed conveying the property to the trust.  The parties do not dispute that the couple gave the quitclaim deed to their attorney and advised their attorney that the deed should be recorded only if Albert and Joan died simultaneously. If the couple did not die simultaneously, the attorney was not to record the deed and the surviving spouse purportedly would receive record title to the property.

-1-

Albert died in 2011, leaving Joan as the surviving spouse. Thereafter, the trust was divided into two trusts, the Family Trust and the Survivor's Trust, each of which was to receive a one-half share of the assets of the Albert and Joan Chakmak Trust. After Albert's death, Joan conveyed the property by a recorded quitclaim deed to the Joan S. Chakmak Trust, of which she was the trustee. In 2018, Joan recorded an enhanced life estate deed transferring a remainder interest in the property to her daughter, defendant Koss. Joan died in 2019. The amended complaint alleges that at the time of its filing, defendant Koss resided on the property and claimed full ownership interest in the property.

Plaintiff initiated this action alleging that the Family Trust owns a one-half interest in the property and seeking to quiet title to the Family Trust's interest in the property. Plaintiff alleged that the 2002 quitclaim deed transferred the property to the Albert and Joan Chakmak Trust, which was subject to division between the Family Trust and the Survivor's Trust upon Albert's death. When Joan thereafter died, the property was subject to distribution under the trusts. Defendants moved for summary disposition under MCR 2.116(C)(8), contending that the 2002 deed did not convey the property to the Albert and Joan Chakmak Trust because the deed was never "delivered." Plaintiff moved for summary disposition under MCR 2.116(C)(10) and MCR 2.116(I). The trial court denied defendants' motion and granted plaintiff's motion for summary disposition under MCR 2.116(I). Defendants now appeal.

## II. DISCUSSION

Defendants contend that the trial court erred by granting plaintiff summary disposition and denying defendants summary disposition. Defendants argue that, taking the allegations in the complaint as true, the record establishes that Albert and Joan did not transfer the property to the Albert and Joan Chakmak Trust because when they executed the quitclaim deed in 2002 and gave it to their attorney, they did not intend to convey the property to the trust at that time and therefore did not "deliver" the deed. We disagree.

We review de novo the trial court's decision to grant or deny a motion for summary disposition. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). We also review de novo a trial court's decision in an action to quiet title. *Beach v Lima Twp*, 489 Mich 99, 106; 802 NW2d 1 (2011). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of the claim; summary disposition is warranted under MCR 2.116(C)(8) when the claim is so unenforceable that no factual development could justify recovery. *El-Khalil*, 504 Mich at 159. When reviewing the trial court's grant or denial of summary disposition under MCR 2.116(C)(8), we consider the motion based upon the pleadings alone and accept all factual allegations as true. *Id*. at 160. The trial court may grant summary disposition to the opposing party under MCR 2.116(I)(2) "[i]f it appears to the court that the opposing party, rather than the moving party, is entitled to judgment." See *Connell v Lima Twp*, 336 Mich App 263, 281; 970 NW2d 354 (2021). Under MCR 2.116(I)(1), the trial court shall enter judgment without delay "[i]f the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact." See *Busitoc v Barnhill*, 337 Mich App 434, 449; 976 NW2d 869 (2021).

Plaintiff's amended complaint sought to quiet title to the Chakmak Family Trust's interest in the property. To successfully state a claim for quiet title, the plaintiff must demonstrate that he

or she possesses a legal or equitable interest in the property in question. See *Beulah Hoagland Appleton Qualified Personal Residence Trust v Emmet Co Rd Comm*, 236 Mich App 546, 550; 600 NW2d 698 (1999). Initially, in an action to quiet title the burden is on the plaintiff to establish a prima facie case of title; if the plaintiff establishes his or her prima facie case, the burden shifts to the defendant to prove a superior right or title. *Elizabeth Trace Condo Ass'n v American Global Enterprises, Inc*, ___ Mich App ___, ___; ___ NW2d ___ (2022) (Docket No. 355243); slip op at 2.

A review of plaintiff's amended complaint in this case supports the trial court's conclusion that plaintiff sufficiently pleaded entitlement to quiet title. Accepting the factual allegations of the amended complaint as true, in 2002 Albert and Joan delivered the quitclaim deed to the Albert and Joan Chakmak Trust. The parties do not contest the existence of the 2002 quitclaim deed, nor that Albert and Joan executed the deed. The amended complaint alleges, and the parties do not dispute, that Albert and Joan gave the executed deed to their attorney with instructions that the deed was to be recorded only in the event that they died simultaneously. The parties dispute only whether the 2002 quitclaim deed was "delivered," thereby effectuating a conveyance of the property to the trust.

A deed takes effect at the time of delivery, and not at the time of its date, its execution, or the time it is recorded; recording is not necessary for a deed to be valid or effective. *Ligon v Detroit*, 276 Mich App 120, 128; 739 NW2d 900 (2007). Delivery is required to demonstrate that the grantor intended to convey the property described in the deed. *Energetics, Ltd v Whitmill*, 442 Mich 38, 53; 497 NW2d 497 (1993). In addition, a deed must be delivered within the lifetime of the grantors to effectuate the conveyance. *Hynes v Halstead*, 282 Mich 627, 634; 276 NW 578 (1937); *Taft v Taft*, 59 Mich 185, 193-194; 26 NW 426 (1886). The party relying upon the deed has the burden to prove delivery. *Ligon*, 276 Mich App at 130.

Whether a deed has been delivered is determined by whether "it can be said that delivery of the deed was such as to convey a present interest in the land." *Pollock v McCarty*, 198 Mich 66, 72; 164 NW 391 (1917).

> The act of delivery is not necessarily a transfer of the possession of the instrument to the grantee, and an acceptance by him, but it is that act of the grantor, indicated either by acts or words, or both, which shows an intention on his part to perfect the transaction, by a surrender of the instrument to the grantee, or to some third person for his use and benefit. [*Thatcher v Wardens of St. Andrew's Church of Ann Arbor*, 37 Mich 264, 268-269 (1877).]

Generally, delivery of a deed by the grantor to the grantor's agent is not effective to transfer title to the grantee, *Hooker v Tucker*, 335 Mich 429, 436; 56 NW2d 246 (1953), unless the grantor intended immediately to transfer title by virtue of that delivery. *Weber v Schafer*, 236 Mich 345, 348; 210 NW 248 (1926). However, the grantor giving possession of the deed to someone other than the grantor and knowledge of the deed by the grantee are factors indicating delivery of the deed. See *Havens v Schoen*, 108 Mich App 758, 762; 310 NW2d 870 (1981). In addition, "delivery of a deed by a grantor to a grantee in escrow or upon a condition is effectual to pass title presently." *Wipfler v Wipfler*, 153 Mich 18, 20; 116 NW 544 (1908). Where a grantor executes a deed and deposits the deed with a third party to be held until the grantor's death, and the grantor

does not retain control over the deed, a valid delivery has been made. *Loomis v Loomis*, 178 Mich 221, 223-224; 144 NW 552 (1913).

As the party relying upon the transfer effectuated by the deed, plaintiff had the burden to establish delivery in this case. *Ligon*, 276 Mich App at 130. Defendants contend that delivery did not occur because Albert and Joan did not intend to convey the property to the trust unless they died simultaneously and did not place the deed beyond their power to recall. We disagree that Albert and Joan did not intend to convey the deed to the trust. The alleged delivery occurred in the somewhat unusual circumstance of the grantors deeding the property from themselves as individuals to themselves in their capacity as the trustees of the joint trust. Thus, Albert and Joan delivered the deed to the grantees, i.e., themselves, before they deposited the deed with their attorney.

In addition, the fact that they instructed their attorney not to record the deed unless they died simultaneously did not prevent the deed from being delivered. In *Wipfler*, the complainant conveyed title to his properties to his wife, instructing her to record the deeds only if he were to die while on a trip. *Wipfler*, 153 Mich at 19-20. The Court found "the transaction constituted a delivery of the deeds to the [wife] without any express reservation of the right to recall them, and with intent that in a certain contingency they should be effective, without any further act on the part of the [husband]." *Id*. at 20. The Court held that under those circumstances delivery occurred at the time possession of the deed was given to the wife. *Id*.

Here, the parties agree that Albert and Joan instructed their attorney to record the deed only upon the occasion of the couple's simultaneous deaths; if that event occurred, the attorney was to record the deed, thereby advising the public of the 2002 conveyance. But "any deed, to be maintained after death, must have been made operative by some valid delivery during life." *Taft*, 59 Mich at 192. Albert and Joan's request that the deed be recorded upon their simultaneous deaths demonstrates that they intended that the property be conveyed by the 2002 deed, though kept secret. That is, if the 2002 deed were never delivered, the later recording would not suffice to effectuate the conveyance. Because Albert and Joan clearly intended that the conveyance be effective upon their simultaneous deaths, and because that could be accomplished only if the conveyance were complete by a valid delivery, Albert and Joan must have intended to deliver the deed to themselves as trustees, thereby conveying the property to the trust. They did not intend to prevent the transfer, but instead intended to keep the transfer secret by not recording the transfer, apparently to facilitate the remaining spouse's ability to ignore the transfer in the future.

Defendants correctly observe that our Supreme Court has held that when the delivery of a deed is contingent upon the happening of some future event, title to the subject property will not transfer to the grantee until the event has occurred. See *Noakes v Noakes*, 290 Mich 231, 240; 287 NW 445 (1939); *Taft*, 59 Mich at 193-194. However, in this case Albert and Joan did not place a condition upon the delivery of the deed; rather, they delivered the deed to themselves, then deposited the deed with their attorney with the instruction to record the deed only upon the happening of a future event, thereby placing a condition only upon the recording of the deed. As a result, the deed to the subject property was delivered and the interest conveyed when Albert and Joan executed the 2002 quitclaim deed to the Albert and Joan Chakmak Trust and delivered it to themselves as trustees. See *Wipfler*, 153 Mich at 20; *Taft*, 59 Mich at 192. The trial court therefore

did not err by granting summary disposition in favor of plaintiff and denying defendants' motion for summary disposition.

Affirmed.

/s/ Kathleen Jansen
/s/ Deborah A. Servitto
/s/ Michael F. Gadola